1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Philip A. Toomey (SBN 089598)
    ptoomey@leechtishman.com
Robert A. Orozco (SBN 201532)
    rorozco@leechtishman.com
**LEECH TISHMAN FUSCALDO & LAMPL**
2041 Rosecrans Avenue, Suite 300
El Segundo, California 90245
Telephone: (424) 738-4400
Facsimile: (424) 738-5080

Attorneys for Defendant
Pro-Tek Industries, LLC

## IN THE UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO

| | |
|---|---|
| STANLEY SIDDLE, individually and on behalf of all those similarly situated, | Case No. 3:19-CV-00568-JD |
| Plaintiff, | **DEFENDANT PRO-TEK INDUSTRIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6)** |
| v. | |
| THE DURACELL COMPANY, THE PROCTER & GAMBLE COMPANY, COSTCO WHOLESALE CORPORATION, TECHNOMATE MANUFACTORY, LTD., PRO-TEK INDUSTRIES, LLC., | Judge:    Hon. James Donato<br>Date:     July 25, 2019<br>Time:     10:00 a.m.<br>Location:  Courtroom 11, 19th Floor |
| Defendants. | First Amended Complaint Filed: May 2, 2019<br>Trial Date:  Not Set |

**TABLE OF CONTENTS**

I.     BACKGROUND ................................................................................................... 5

       A.    THE ALLEGED FLASHLIGHT DEFECT ............................................... 5

       B.    PLAINTIFF'S ALLEGATIONS AGAINST PRO-TEK .............................. 6

II.    LEGAL STANDARD ........................................................................................... 7

III.   DISCUSSION ...................................................................................................... 7

       A.    PLAINTIFF'S CONSPIRACY ALLEGATIONS SHOULD BE DISMISSED. ............... 7

       B.    THE CLAIMS AGAINST PRO-TEK SHOULD BE DISMISSED. ............................... 8

             1.    Plaintiff Has Not Adequately Alleged a Fraud-Based Claim Against
                   PRO-TEK. ........................................................................................... 8

                   a.    Plaintiff's fraud-based claim as to the flashlights purchased in
                         2015 is time-barred. ................................................................... 8

                   b.    The purported misrepresentations are not actionable. ............... 9

                   c.    Plaintiff does not state a claim for fraudulent concealment. ...... 9

             2.    As a Matter of Law, Plaintiff's Warranty Claims Are Inadequately
                   Pled. ................................................................................................ 10

                   a.    Plaintiff Fails to State a Claim as to the Purported Battery
                         Warranty. .................................................................................. 11

                   b.    Plaintiff Fails to State a Claim as to the Purported Flashlight
                         Warranty. .................................................................................. 11

             3.    Plaintiff's UCL Claim Rises, and, Thus, Falls, on His Fraud Claim. ................... 12

IV.    CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................ 6

*Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, at *2 (N.D. Cal.
    Mar. 25, 2008) ................................................................................................ 11

*Cadlo v. Owens-Illinois*, 125 Cal. App. 4th 513, 519 (2004) ............................... 8

*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 (1992) ............................... 10

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) .......... 10

*Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ....................................... 7

*Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, at
    *5 (N.D. Cal. May 17, 2011) .................................................................... 10, 11

*Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606 (2014) ..................... 9

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010) ............................................... 5

*Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013) ............................. 9

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ...................... 6

*Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001) ........................................ 8

*LiMandri v. Judkins,* 52 Cal. App. 4th 326, 337 (1997) ................................... 9

*Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) .................. 9

*Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1144 (N.D. Cal. 2010) ......... 10

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D.
    Cal. 2015) ...................................................................................................... 11

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) .......... 3, 6, 7, 8

**Statutes**

California Civil Code § 1780(d) .......................................................................... 4

California Civil Code §§ 1709-1711 ................................................................... 11

California Civil Code §§ 1770 (a)(7) ................................................................... 11

California Civil Code §§ 1770 (a)(9) ........................................................................................... 11

California Civil Code §§ 1770(a)(5) ............................................................................................ 11

Consumer Legal Remedies Act ................................................................................................... 11

Federal Rules Civil Procedure 8(a)(2) .......................................................................................... 6

Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301) ............................................... 9

**Rules**

Rule 12(b)(6) .................................................................................................................................. 6

Rule 8(a) ......................................................................................................................................... 6

Rule 9(b) ..................................................................................................................................... 6, 9

1   Defendant PRO-TEK INDUSTRIES, LLC ("PRO-TEK") hereby submits the following

2   Memorandum of Points and Authorities in Support of its Motion to Dismiss Pursuant to Federal Rule of

3   Civil Procedure 12(b)(6).

4

5   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

6   Although Plaintiff only appears to claim to have purchased two models of flashlights manufactured

7   by Duracell licensee Technomate, Ltd. ("Technomate"), he brings this case alleging that three models are

8   defective.  Specifically, he complains that these flashlights have a faulty end cap that will completely drain

9   any battery put in them within 30 days even if the flashlights are in the "off" position.  He also complains

10  that this "parasitic" battery drain is independently actionable because Duracell batteries are advertised as

11  "guaranteed 10 years in storage."  He seeks to hold five companies jointly and severally liable for these

12  issues, including PRO-TEK, which acted as the after-sale contact for consumer complaints.

13  <u>First</u>, Plaintiff fails to state a claim for conspiracy.  Where a plaintiff alleges a conspiracy, he must

14  "provide the particulars of when, where or how the alleged conspiracy occurred."  *Vess v. Ciba-Geigy*

15  *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiff fails to provide any particularities against PRO-

16  TEK. Thus, he cannot proceed on a conspiracy theory.

17  <u>Second</u>, Plaintiff fails to state a claim for direct liability as to each claim against PRO-TEK.  His

18  fraud-based claim fails for several reasons. Plaintiff allegedly purchased four flashlights.  As to the two

19  purchased in 2015, the allegedly wrongdoing occurred more than three years before he filed this case and

20  thus any fraud-based claim is time-barred.  Separate and apart from this, Plaintiff fails to allege an

21  actionable misrepresentation by PRO-TEK or, even if he did, the requisite reliance thereon. Plaintiff fails

22  to allege a duty to disclose any facts allegedly concealed, which is fatal to his claim for fraudulent

23  concealment.  As to the UCL claim, he also fails to state a claim for violation of the UCL.  Finally, Plaintiff

24  fails to state a claim for breach of warranty, which dooms both his breach of warranty and Magnuson

25  Moss Warranty Act claim.  Under either claim, a party seeking to recover must allege the exact terms of

26  the warranty made by PRO-TEK and reliance thereon, which Plaintiff fails to do.

27  The case against PRO-TEK should be dismissed without leave to amend.

28

4

1

<u>STATEMENT OF ISSUES TO BE DECIDED</u>

2      1.      Has Plaintiff adequately alleged that PRO-TEK was part of the "mega-brand corporate"

3  conspiracy he alleges?

4      2.      Has Plaintiff adequately alleged that PRO-TEK should be indirectly held liable for any and

5  all wrongful acts committed by Duracell?

6      3.      Has Plaintiff stated a claim against PRO-TEK directly for (a) "fraud/fraudulent

7  concealment;" (b) breach of warranty/violation of the Magnuson Moss Warranty Act; and/or (c) violation

8  of the UCL?

9  **I.      BACKGROUND**

10     **A.      THE ALLEGED FLASHLIGHT DEFECT.**

11     Plaintiff Stanley Siddle allegedly "purchased Duracell LED flashlight models 250, 300 **and/or**

12  350 from COSTCO for personal use." (Dkt. 35 ¶ 46, emphasis added).  By using "and/or," Plaintiff is

13  hedging—he may have purchased one of these models.  Or he may have purchased all three.  But, the

14  "Venue Declaration" (Dkt. 15) he submitted in support of his original complaint adds some clarity to his

15  contentions.  Although not attached to either the original complaint or the FAC, neither can stand without

16  it.  As a matter of law, an affidavit of venue must be filed "concurrently with the filing of the complaint."

17  Cal. Civ. Code § 1780(d).  Absent such an affidavit, any CLRA claim must be dismissed.  *Id.*; *In re Sony*

18  *Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094

19  (S.D. Cal. 2010) (dismissing CLRA count for failure to concurrently file venue affidavit).    Thus, it is

20  appropriate to consider the additional contentions set forth in the Venue Declaration.

21     In the Venue Declaration, under penalty of perjury, Mr. Siddle states that he purchased one 300

22  model (on February 10, 2015) and three 350 models (on November 3, 2015, May 14, 2016, and October

23  30, 2016).  (Dkt. 15 ¶ 6; *see also* Dkt. 35 ¶ 51 (alleging he purchased the flashlights at issue on "multiple

24  occasions between 2015 and 2019, and in 2019").  The only reference to the 250 model in his Venue

25  Declaration is in the context of an unnamed friend "who showed me his TechLite Model 250."  (Dkt. 15

26  ¶ 4).  He contends that with "many" (but does not state that with each) of the four flashlights he purchased,

27  he "experienced rapidly drained batteries (when not in use)."  (*id.* ¶ 6).

28

There is no allegation that PRO-TEK manufactured any of the flashlights purportedly at issue or made any representations that were relied upon. In fact there are no allegations PRO-TEK was anything other than it was; the after sale point of contact to handle consumer concerns. (Dkt. 35 §6).

According to the operative complaint, these Technomate-manufactured flashlights "are defective: they rapidly drain batteries in less than 30 days when turned OFF." (*id.* ¶ 1). The problem, as alleged by the FAC, is that "their flawed end caps continuously and rapidly drain electric power when their LED lights are switched OFF…," (*id.* ¶ 13) (emphasis omitted). For that reason, "batteries (Duracell-branded or any other equivalents) inside these flashlights [will] become fully depleted and dead, in less than 30 days." (*id.* ¶¶ 13, *see also id.* ¶¶ 55-56 (alleging that the flashlights Plaintiff purchased also drained the "Kirkland brand" batteries he put in them). The purported defect in the flashlights also gives rise to Plaintiff's other primary complaint—that any Duracell batteries "stored" within these flashlights should last for "the 10-year advertised storage lifespan for the DURACELL batteries sold with these flashlights or the replacement batteries sold separately", yet, they do not. (*id.* ¶ 13). How PRO-TEK, the after sale point of contact for consumer concerns, would have any responsibility (if any is to be imposed) is pure speculation. When a consumer had an issue, PRO-TEK fielded the call and resolved it. How that exposes PRO-TEK to liability is a mystery.

### B.    PLAINTIFF'S ALLEGATIONS AGAINST PRO-TEK.

On May 2, 2019, Plaintiff filed the FAC and raises four claims against PRO-TEK: (1) fraud/fraudulent concealment (Count I), (2) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. (Count III); (3) breach of express warranty (Count IV); and (4) violation of the UCL (Count V). (Dkt. 35). Plaintiff seeks relief in the form of compensatory damages, punitive damages, attorneys' fees, and injunctive relief to prevent all defendants, from "using their websites and other publications to promote misleading 'cautions' that dangerously contradict the best safety practices, by instructing consumers to remove and store batteries outside the defective Duracell-branded LED flashlights." (*id.*, Prayer for Relief at ¶ 6). The FAC fails to allege any specific promotions on any PRO-TEK website or publications, or that PRO-TEK even has a website.

Plaintiff contends PRO-TEK was a member of a grand conspiracy to defraud purchasers of flashlights and batteries. How PRO-TEK would benefit from this "conspiracy" is simply not plead.

1    Plaintiff fails to explain is how PRO-TEK, which manufactures nothing, produced or distributed anything,

2    and does not make any allegations as to PRO-TEK's alleged entry into and/or participation.

3    Plaintiff also appears to be proceeding against PRO-TEK on the theory that it should be held liable

4    for any actions taken by other Defendants (those who actually manufactured and distributed product). But

5    the FAC is totally devoid of any facts showing, let alone explaining how, this after-sale consumer concern

6    service company had any involvement in the representations or warranties about which he complains.

7    **II.    LEGAL STANDARD**

8    To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss,

9    a complaint must provide "a short and plain statement ... showing that the pleader is entitled to relief,"

10   Fed. R. Civ. P. 8(a)(2). It must include "enough facts to state a claim ... that is plausible on its face." *Bell*

11   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual

12   allegations as true and construing them in the light most favorable to the plaintiff, the court can reasonably

13   infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14   The plausibility analysis is "context-specific" that "requires the reviewing court to draw on its judicial

15   experience and common sense." *Id.* at 679. Rule 9(b)'s particularity standards apply to Plaintiff's fraud

16   and UCL claims since Plaintiff alleges false and misleading product representations that sound in fraud.

17   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

18   1097, 1103-04 (9th Cir. 2003).

19   **III.   DISCUSSION**

20   **A.    PLAINTIFF'S CONSPIRACY ALLEGATIONS SHOULD BE DISMISSED.**

21   As noted above, the conspiracy Plaintiff alleges in the FAC is to defraud consumers (Dkt. 35 ⁋ 65

22   ("Defendants conspired together and acted in concert with each other in their respective capacities, to

23   proceed with the concept, design, manufacture, production, marketing, distribution and sales of the

24   defective Duracell-branded LED flashlights to consumers, and inducing consumers to then needlessly and

25   repeatedly purchase DURACELL and/or other replacement batteries")). When a plaintiff alleges a

26   conspiracy to defraud, he must "provide the particulars of when, where or how the alleged conspiracy

27   occurred." *Vess*, 317 F.3d at 1106. He must also differentiate between the actions of each defendant; as

28

a matter of law, "'everyone did everything' allegations" are insufficient to state a claim for conspiracy. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Plaintiff fails to allege anything that PRO-TEK did for the obvious reason – (after the flashlights were sold) it only fixed problems. It did not manufacture anything, nor did it represent anything. There is not even a hint that PRO-TEK did anything other than completely resolve consumer issues. Therefore, the conspiracy allegation must be dismissed.

## B.   THE CLAIMS AGAINST PRO-TEK SHOULD BE DISMISSED.

### 1.   Plaintiff Has Not Adequately Alleged a Fraud-Based Claim Against PRO-TEK.

Plaintiff's first claim for "fraud/fraudulent concealment." (Dkt. 35, Claim I). This claim is based on two purported misrepresentations: (i) "Duracell-branded flashlights would be ready for use in an emergency" (the "Flashlight Misrepresentation"); and (ii) Duracell batteries "would provide advertised run times after being stored inside these flashlights during their stated storage life" (the "Battery Misrepresentation") (*id.* ¶ 80.a). It also alleges concealment, that other Defendants "conceal[ed] the flashlights batteries were not made by DURACELL but rather by a foreign licensee TECHNOMATE MANUFACTORY, LTD. with 'customer support in North America' provided by PRO-TEK INDUSTRIES, LLC." (*id.* ¶ 80). As set forth below, Plaintiff has not stated a claim for either fraud or fraudulent concealment.

#### a.   Plaintiff's fraud-based claim as to the flashlights purchased in 2015 is time-barred.

According to Plaintiff, he purchased two of the four flashlights in 2015—one on February 10, 2015, and one on November 3, 2015. (Dkt. 15 ¶¶ 6.a, 6.c). "[W]ithin less than 30 days, he discovered that every one of the Duracell-branded LED flashlights he had purchased failed to turn on when he tried to use them." (Dkt. 35 ¶ 54). Thus, within 30 days of purchase, he knew or should have known about the alleged concealed "parasitic battery drain".

For any fraud or fraudulent concealment claim to be timely, Plaintiff was required to sue before the end of 2018 because "[a]n action for relief on the grounds of fraud or mistake must be commenced within three years." *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373 (2001). But Plaintiff failed to do so. Rather, he filed the instant lawsuit on January 31, 2019. (Dkt. 1). Having failed to sue for fraud as to

these flashlights until January 31, 2019, any fraud claim related to them is time-barred. Therefore, as to the flashlights purchased on February 10, 2015 and November 3, 2015, the fraud/fraudulent concealment claim must be dismissed.

### b.    The purported misrepresentations are not actionable.

Plaintiff's fraud-based claim against PRO-TEK must be dismissed. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff utterly fails to adequately plead fraud against PRO-TEK as to the Flashlight Misrepresentation. He does not allege when, where and how PRO-TEK made any representation whatsoever, let alone a "misrepresentation". The absence of a misrepresentation cannot be the basis for his fraud claim. His claim as to the Battery Misrepresentation fares no better. Nowhere does he allege when, where, and how PRO-TEK made the purported misrepresentation that Duracell batteries "would provide advertised run times *after being stored inside these flashlights during their stated storage life*." (Dkt. 35 ¶ 80)

Separate and apart from this, to state a claim for fraud, a plaintiff must allege reliance on the purported misrepresentations. *Cadlo v. Owens-Illinois*, 125 Cal. App. 4th 513, 519 (2004) (under California law a plaintiff "must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance."). Plaintiff cannot allege reliance on any statement because he fails to allege any statement whatsoever made by PRO-TEK. This is particularly fatal in the context of advertising, where Rule 9(b) requires a plaintiff to identify specific advertisements and promotional materials that contain the purported misrepresentation, it requires him to "allege when the plaintiff(s) were exposed to the materials." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013).

### c.    Plaintiff does not state a claim for fraudulent concealment.

Plaintiff alleges other Defendants fraudulently "conceal[ed] the material fact that these flashlights sold with the DURACELL batteries were not made by DURACELL but rather by a foreign licensee TECHNOMATE MANUFACTORY, LTD. with 'customer support in North America' provided not by DURACELL, but by PRO-TEK INDUSTRIES, LLC." (*id.* ¶ 80). But to state a claim for fraudulent concealment, Plaintiff must plead, among other things, that PRO-TEK had a duty to disclose. *Graham v.*

*Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606 (2014) (listing a duty to disclose as one of the "required elements" for the claim).  Under California law, a duty to disclose exists only if one of the following circumstances are present:  "(1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) (*citing LiMandri v. Judkins,* 52 Cal. App. 4th 326, 337 (1997)). It is ludicrous to claim every after-sale consumer service and support business can be sued if the original seller fails to disclose that they will handle after-sale support, and for no other reason.

All Plaintiff alleges is the defendants had knowledge that PRO-TEK provided the customer support.  So what?  How that "misleads" any consumer is unknown, and nothing is plead to show any consumer was mislead by PRO-TEK providing after-sale service in a satisfactory manner. Plaintiff has failed to state a claim for fraudulent concealment.

### 2.     As a Matter of Law, Plaintiff's Warranty Claims Are Inadequately Pled.

Plaintiff brings two breach of warranty claims against PRO-TEK.  One is under the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301) and the other is for breach of express warranty under California law.  (Dkt. 35, Claims 3, 4).  For all intents and purposes, the analysis of these two claims is identical.  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (MMWA claims "stand or fall with [the] express and implied warranty claims under state law.").

Under California law, "[a] manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1144 (N.D. Cal. 2010) (*citing Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 (1992)).  "To prevail on a breach of express warranty claim under California law, a plaintiff must prove: (1) the seller made an affirmation of fact or a promise, or otherwise described the goods; (2) the statement formed part of the basis of the bargain; (3) the express warranty was breached; (4) the plaintiff was harmed; and (5) the breach of warranty was a substantial factor causing the plaintiff's harm." *Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, at *5 (N.D. Cal. May 17, 2011).  Plaintiff alleges the terms of two purported warranties.  One is that PRO-TEK "Warrant[ed] that DURACELL

10

batteries were "Guaranteed for 10 years in storage" (the purported "Battery Warranty").  (Dkt. 35 ¶ 105.b).
The other is that "Defendants warranted that each of the Duracell-branded LED flashlight models 250,
300 and 350, was free of defects when it sold these products to Representative Plaintiffs and class
members" (the purported "Flashlight Warranty").  (Dkt. 35 ¶ 113).

a.     Plaintiff Fails to State a Claim as to the Purported Battery Warranty.

First, there is no allegation PRO-TEK affirmed or promised anything. Rather, the issue is what the
flashlight does to these non-defective batteries—"their flawed end caps continuously and rapidly drain
electric power when their LED lights are switched OFF…," and, thus, "batteries (Duracell-branded or any
other equivalents) inside these flashlights [will] become fully depleted and dead, in less than 30 days."
(*id*. ¶¶ 13).  Thus, it is a purported defect in the flashlights that has caused the injury alleged in the FAC,
which is that "[m]any class members, including Plaintiff, have continued to spend money replacing
multiple sets of DURACELL batteries, until they finally realized that it was futile."  (*id.* ¶ 18; *see also id.*
¶ 82 (alleging that "Plaintiff and the Plaintiff putative class members were damaged when these defective
flashlights did not work as described, and when Plaintiff and the Plaintiff putative class members had to
buy more and more replacement DURACELL (and/or other brand) batteries to power these defective
flashlights")).  Given that the FAC alleges it is the defective flashlights and not the batteries themselves
causing the harm, Plaintiff has not alleged facts to support his claim that a breach of the Battery Warranty
proximately caused his injury.  This requires that both his breach of warranty claim and his MMWA claim
based on the purported Battery Warranty be dismissed.

b.     Plaintiff Fails to State a Claim as to the Purported Flashlight Warranty.

Where a plaintiff seeks to bring a breach of warranty claim, he must do more than "state generally"
that a product was warranted to be "free from defect 'for the duration of the warranty period.'"  *Blennis
v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008).  Rather,
"[t]o constitute an actionable express warranty, the statement 'must be specific an unequivocal[,] and it
must be written."  *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875
(N.D. Cal. 2015) (second brackets in original, citation omitted).  To that end, "[a] plaintiff must allege
'the exact terms of the warranty.'"  *Edmunson*, 2011 WL 1897625, at *5.  Here, Plaintiff fails to identify

any warranty made by PRO-TEK.  How an after-sale consumer concern service entity makes a warranty prior to any consumer contact is a mystery. In addition, he does not allege that the Flashlight Warranty is (or was) written.  This in and of itself is fatal to his attempt to bring a breach of warranty claim on the purported Flashlight Warranty.  Plaintiff's breach of warranty and MMWA claims must be dismissed.

### 3.     Plaintiff's UCL Claim Rises, and, Thus, Falls, on His Fraud Claim.

Plaintiff's fourth and final claim against PRO-TEK is for violation of the UCL.  Although the basis for this claim is stated as "fraudulent and deceitful conduct and violations of California Civil Code §§ 1709-1711 and the Consumer Legal Remedies Act, California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9)" (Dkt. 35 ¶ 114), Plaintiff is not bringing a CLRA claim against PRO-TEK.  Therefore, Plaintiff's UCL claim against PRO-TEK rises and falls on the allegation that PRO-TEK engaged in "fraudulent and deceitful conduct" and violated Civil Code sections 1709-11.  But, Plaintiff fails to state a fraud-based claim. Plaintiff is trying to boot-strap a liability claim against an entity who manufactured nothing, made no promises or affirmations, and apparently successfully resolved consumer concerns. Therefore, Plaintiff's UCL claim against PRO-TEK must be dismissed without leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, PRO-TEK respectfully requests that this Court dismiss the First Amended Complaint in its entirety, without leave to amend.


Dated:  June 18, 2019                              Respectfully submitted,


                                                   s/ Philip A. Toomey
                                                   Philip A. Toomey (CA 89598)
                                                   Robert A. Orozco (CA 201532)
                                                   LEECH TISHMAN FUSCALDO & LAMPL
                                                   ptoomey@leechtishman.com
                                                   rorozco@leechtishman.com
                                                   Attorneys Defendant Pro-Tek Industries, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

     I, the undersigned, an employee of LEECH TISHMAN FUSCALDO & LAMPL, with an office located at 2041 Rosecrans Avenue, Suite 300, El Segundo, CA 90245, declare under penalty of perjury that I am over the age of eighteen (18) and not a party to this matter, action or proceeding. A true and correct copy of the foregoing document entitled: **DEFENDANT PRO-TEK INDUSTRIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)** will be served or was served in the manner stated below:

<u>SEE ATTACHED SERVICE LIST</u>

☐    **By Mail:** I caused such envelope to be deposited in the mail at El Segundo, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

☐    BY FEDERAL EXPRESS    I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) above. I caused such envelope to be delivered to the addressee(s) at the address(es) set forth above by overnight delivery. I am readily familiar with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express, under which such correspondence is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed above.

☒    CM/ECF System. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will email a Notice of Electronic Filing notification to the email addresses denoted on the Electronic Mail notice list.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on June 18, 2019 in El Segundo, California.

      /s/ Shanti D. Friend
        Shanti D. Friend

1

## SERVICE LIST

2

*Siddle v. The Duracell Company*
No. 3:19-cv-00568-JD

3

4    Counsel for Plaintiffs

5    Timothy Paul Rumberger
     Law Offices of Timothy Paul Rumberger
6    1339 Bay Street
     Alameda, CA 94501
7    (410) 841-5500; Fax (510-521-9700
8    *tim@rumbergerlaw.com*

9    Counsel for Defendant, The Duracell Company

10
     Krista M. Enns
11   Benesch Friedlander Coplan & Aronoff
     One Montgomery Tower, Suite 2700
12   San Francisco, CA 94104
     (628) 600-2250; Fax: (628) 221-5828
13   kenns@beneschlaw.com

14   Mark Stephen Eisen
15   Benesch Friedlander Coplan & Aronoff
     333 West Wacker Drive, Suite 1900
16   Chicago, IL 60606
     (312) 212-4949; Fax: (312)767-9192
17   meisen@beneschlaw.com

18   Counsel for Defendants, Costco Wholesale Corp. and Home Depot USA Inc.

19   Jennifer Rebecca Virostko
     Sidney Stewart Haskins, II
20   King and Spalding LLP
     1180 Peachtree Street NE
21   Atlanta, GA 30309
     (404) 572-4600; (404) 572-4687
22   jvirostko@kslaw.com; SHaskins@kslaw.com

23   Jade Lall
24   King & Spalding LLP
     101 2nd Street, Suite 230
25   San Francisco, CA 94105
     (415) 318-1235
26   jlall@kslaw.com

27

28

14