Krista Enns (CA 206430)
Reed Lyon (CA 288361)
BENESCH, FRIEDLANDER, COPLAN &
  ARNOFF LLP
One Montgomery Tower, Suite 2700
San Francisco, CA 94104-4505
Telephone:    628-600-2250
Facsimile:    628-221-5828
kenns@beneschlaw.com
rlyon@beneschlaw.com

David S. Almeida (*pro hac vice* to be filed)
Mark S. Eisen (CA 289009)
BENESCH, FRIEDLANDER, COPLAN &
  ARNOFF LLP
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
dalmeida@beneschlaw.com
meisen@beneschlaw.com

*Attorneys for Defendant The Duracell Company*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY SIDDLE, individually and on behalf of all those similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>THE DURACELL COMPANY, THE PROCTER & GAMBLE COMPANY, COSTCO WHOLESALE CORPORATION, TECHNOMATE MANUFACTORY, LTD., PRO-TEK INDUSTRIES, LLC,<br><br>  Defendants. | Case No.: 3:19-CV-00568-JD<br><br>**DEFENDANT THE DURACELL COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:     Hon. James Donato<br>Date:      July 25, 2019<br>Time:      10:00 a.m.<br>Location:  Courtroom 11, 19th Floor<br><br>First Amended Complaint Filed: May 2, 2019<br>Trial Date:   Not Set |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 6

STATEMENT OF ISSUES TO BE DECIDED ......................................................................... 7

BACKGROUND ........................................................................................................................ 8

I.  THE ALLEGED FLASHLIGHT DEFECT ................................................................... 8

II. THE ALLEGED CONSPIRACY. ................................................................................. 9

III. THE OPERATIVE COMPLAINT. ............................................................................... 9

DISCUSSION ........................................................................................................................... 10

I.  LEGAL STANDARD. ................................................................................................. 10

II. PLAINTIFF'S FRAUD CLAIM FAILS. .................................................................... 10

    A. THE ALLEGED MISREPRESENTATIONS ARE NOT ACTIONABLE. ........ 10

    B. PLAINTIFF FAILS TO ALLEGE JUSTIFIABLE RELIANCE. ........................ 12

    C. PLAINTIFF HAS NOT PLAUSIBLY ALLEGED FRAUDULENT CONCEALMENT. ................................................................................................ 13

III. PLAINTIFF'S CLRA AND UCL CLAIMS ARE LIKEWISE DEFICIENT. ............ 15

    A. PLAINTIFF'S CLRA CLAIM FAILS BECAUSE THERE WERE NO MISREPRESENTATIONS. ................................................................................. 15

    B. PLAINTIFF'S UCL CLAIM FALLS WITH THE DEFICIENT CLRA CLAIM. 16

IV. PLAINTIFF'S WARRANTY CLAIMS FAIL. ........................................................... 17

    A. PLAINTIFF FAILS TO STATE A CLAIM AS TO THE PURPORTED BATTERY WARRANTY. ..................................................................................... 17

    B. PLAINTIFF HAS NOT STATED A CLAIM AS TO THE PURPORTED FLASHLIGHT WARRANTY. ............................................................................. 18

CONCLUSION ......................................................................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Actimmune Mktg. Litig.*,
  2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ..................................................................16, 17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................10

*Baba v. Hewlett–Packard Co.*,
  2010 WL 2486353 (N.D.Cal. June 16, 2010) .................................................................5, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..............................................................................................................10

*Blennis v. Hewlett-Packard Co.*,
  2008 WL 818526 (N.D. Cal. Mar. 25, 2008) .......................................................................18

*Carlson v. The Gillette Co.*,
  No. 14-14201-FDS, 2015 WL 6453147 (D. Mass. Oct. 23, 2015) .....................................11

*Clemens v. DaimlerChrysler Corp.*,
  534 F.3d 1017 (9th Cir. 2008) .............................................................................................17

*Colgan v. Leatherman Tool Group, Inc.*,
  135 Cal.App.4th 663, 38 Cal.Rptr.3d 36 (2006) .................................................................15

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ...............................................................................................14

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ...............................................................................................12

*Edmunson v. Procter & Gamble Co.*,
  2011 WL 1897625 (N.D. Cal. May 17, 2011) .......................................................................7

*Elias v. Hewlett-Packard Co.*,
  950 F. Supp. 2d 1123 (N.D. Cal. 2013) ..............................................................................12

*First v. Allstate Ins. Co.*,
  222 F. Supp. 2d 1165 (C. D. Cal. 2002) .............................................................................14

*Gammel v. Hewlett-Packard Co.*,
  905 F. Supp. 2d 1052 (C.D. Cal. 2012) ..............................................................................12

*Girard v. Toyota Motor Sales, U.S.A., Inc.*,
  316 F. App'x 561 (9th Cir. 2008*)* ........................................................................................16

*Glen Holly Entm't, Inc. v. Tektronix Inc.*,
    343 F.3d 1000 (9th Cir. 2003) ...................................................................................... 12

*Graham v. Bank of Am., N.A.*,
    226 Cal. App. 4th 594 (2014) ....................................................................................... 13

*Gray v. Toyota Motor Sales, U.S.A.*,
    2012 WL 313703 (C.D.Cal. Jan 23, 2012) .................................................................... 14

*Hill v. Roll Int'l Corp*,
    195 Cal. App. 4th 1295, 1304 (2011) ........................................................................... 15

*Hoey v. Sony Elecs., Inc.*,
    515 F. Supp. 2d 1099 (N.D. Cal. 2007) ........................................................................ 16

*Janney v. Mills*,
    944 F. Supp. 2d 806 (N.D. Cal. 2013) .......................................................................... 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 10

*Lane v. Proctor & Gamble*,
    135 Cal. App. 4th 663 (2006) ....................................................................................... 15

*Newcal Indus., Inc. v. Ikon Office Solution*,
    513 F.3d 1038 (9th Cir. 2008) ...................................................................................... 12

*Punian v. Gillette Co.*,
    2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ......................................................... 11, 16

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................................... 13

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ........................................................................... 8

*Southland Sod Farms v. Stover Seed Co.*,
    108 F.3d 1135 (9th Cir. 1997) ...................................................................................... 12

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) ........................................................................ 17

*T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*,
    83 F. Supp. 3d 855 (N.D. Cal. 2015) ............................................................................ 18

*Werbel ex rel. v. Pepsico, Inc.*,
    2010 WL 2673860, at *3 (N.D. Cal. Jul. 2, 2010) ........................................................ 12

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................................. 10, 14

*Young v. Cree, Inc.*,
  2018 WL 1710181 (N.D. Cal. Apr. 9, 2018) ..................................................................13

**Statutes**

Cal. Bus. & Prof. Code § 17200 ..........................................................................................16

Cal. Civil Code § 1709 ........................................................................................................16

Cal. Civil Code § 1710 ........................................................................................................16

Cal. Civil Code § 1711 ........................................................................................................16

Cal. Civ. Code § 1770(a) .....................................................................................................15

Cal. Civ. Code § 1770(a)(5) ...................................................................................................5

Cal. Civ. Code § 1780(d) .......................................................................................................8

CLRA ........................................................................................................................ *passim*

CLRA § 1770(a)(5) ..............................................................................................................11

CLRA § 1770(a)(7) ..............................................................................................................15

CLRA § 1770(a)(9) ..............................................................................................................15

Magnuson-Moss Warranty Act (15 U.S.C. §2301) ................................................... *passim*

UCL ........................................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ............................................................................................................4

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2019, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable District Judge James Donato, located in Courtroom 11, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendant The Duracell Company ("Duracell") will and hereby does move under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing each of the claims asserted against it in the First Amended Complaint ("FAC") without leave to amend.

Dismissal is appropriate for several reasons. Plaintiff's claim for "fraud/fraudulent concealment" (Count I) should be dismissed because (1) the alleged fraudulent misrepresentations are not actionable; and (2) Plaintiff has not and cannot state a claim for fraudulent concealment because he does not allege a duty to disclose, not to mention the fact that the exhibits to his Complaint demonstrates that the facts allegedly concealed were, in fact, disclosed. Plaintiff's claim for violations of the California Legal Remedies Act ("CLRA") of California's Unfair Competition Law ("UCL") are co-extensive with his fraud claim; therefore, they too fail as a matter of law. Finally, Plaintiff fails to state a claim for breach of warranty or violation of the Magnuson-Moss Warranty Act because as to the purported battery warranty, Plaintiff alleges the batteries only fail because of the flashlight and as to the purported flashlight warranty, Plaintiff only alleges it in the most generic terms.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice and any further argument or evidence that may be received by the Court at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

This putative class action lawsuit challenges three models of an allegedly faulty flashlight manufactured by co-defendant Technomate Manufactory, Ltd ("Technomate"). The central premise of Plaintiff's FAC is that these three models of flashlights drained batteries even if the flashlight was not in use (but rather set to the "off" position). Plaintiff brings claims for fraud, breach of warranty and violations of the CLRA and UCL, and seeks to represent a national and state subclass of purchasers of the flashlights

at issue. Plaintiff admits that Duracell did *not* manufacture these flashlights and is not responsible for the defect. Rather, Plaintiff seeks to hold Duracell liable on the basis that its AAA alkaline batteries did not last 10 years when stored in the faulty flashlights, and therefore the faulty flashlights were not always ready for use in an emergency. Plaintiff's complaint falls well short of supporting either basis for liability and should be dismissed.

First, Plaintiff attempts to state a fraud claim based on (i) Duracell's guarantee that its AAA batteries will last 10 years "in storage" and (ii) packaging indicating the flashlights are "ready for use" in an emergency. As to the first, Plaintiff has not alleged that the Duracell batteries were left "in storage," or that the battery warranty could be applicable to allegedly defective flashlights. Consequently, Plaintiff has not alleged that he justifiably relied upon the battery warranty when purchasing the flashlights. Furthermore, is well-established that an advertised warranty cannot amount to fraud. Moreover, advertising a flashlight as being "ready for use" in an emergency is the type of generic advertising that cannot form the basis of a fraud claim. Nor has Plaintiff shown that Duracell owed him a duty to disclose either the identity of the flashlight's manufacturer or the alleged flashlight defect.

Second, Plaintiff's CLRA and UCL claims are dependent upon the allegations of fraud and thus fail for the same reason.

Third, Plaintiff's breach of warranty and tag-along Magnuson-Moss Warranty Act claims fail because Duracell is not in breach of any warranty, either that the flashlights were "free from defects" (no such promise was made) or that Duracell batteries would last 10 years in storage while actively installed in a product.

Simply put, Duracell engaged in no wrongdoing, and it should be dismissed from this action with prejudice.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Has Plaintiff stated a valid claim for fraud, when the complaint identifies no false or misleading statement or the concealment of material facts?

2. Has Plaintiff stated a plausible claim for relief under the CLRA and UCL given the absence of fraud associated with Plaintiff's challenges to the products at issue?

3. Has Plaintiff stated a plausible breach of warranty/Magnuson-Moss claim as it relates to

the flashlights at issue?

## BACKGROUND

**I.  THE ALLEGED FLASHLIGHT DEFECT.**

Plaintiff Stanley Siddle allegedly "purchased Duracell LED flashlight models 250, 300 **and/or** 350 from COSTCO for personal use." (Dkt. 35 ¶ 46, *emphasis added*). By using "and/or," Plaintiff is hedging about facts which he should know prior to initiating this putative class action lawsuit. By his own allegation, Plaintiff may have purchased one of these flashlight models. Or he may have purchased all three. But, the "Venue Declaration" (Dkt. 15) he submitted in support of his original complaint adds some clarity to his contentions. Although not attached to either the original complaint or the FAC, neither can stand without it. As a matter of law, an affidavit of venue must be filed "concurrently with the filing of the complaint." Cal. Civ. Code § 1780(d). Absent such an affidavit, any CLRA claim must be dismissed. *See id.*; *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010). Thus, it is appropriate to consider the additional contentions set forth in the Venue Declaration.

In the Venue Declaration, Mr. Siddle states, under penalty of perjury, that he purchased one 300 model (on February 10, 2015) and three 350 models (on November 3, 2015, May 14, 2016 and October 30, 2016). (Dkt. 15 ¶ 6; *see also* Dkt. 35 ¶ 51 (alleging he purchased the flashlights at issue on "multiple occasions between 2015 and 2019, and in 2019")). The only reference to the 250 model in his Venue Declaration is in the context of an unnamed friend "who showed me his TechLite Model 250." (Dkt. 15 ¶ 4). He contends that with "many" (but does not state that with each) of the four flashlights he purchased, he "experienced rapidly drained batteries (when not in use)." (*Id.* ¶ 6).

There is no allegation that Duracell manufactured *any* of the flashlights purportedly at issue in this lawsuit. Rather, the FAC alleges they were "manufactured by DURACELL licensee TECHNOMATE MANUFACTORY, LTD." *(*Dkt. 35 ¶ 1).

According to the FAC, these Technomate-manufactured flashlights "are defective: they rapidly drain batteries in less than 30 days when turned OFF." (*Id.* ¶ 1). The problem, as alleged by the FAC, is that "their flawed end caps continuously and rapidly drain electric power when their LED lights are switched OFF…." (*Id.* ¶ 13) (emphasis omitted). For that reason, Plaintiff contends that the "batteries

(Duracell-branded or any other equivalents) inside these flashlights [will] become fully depleted and dead, in less than 30 days." (*Id.* ¶¶ 13, *see also id.* ¶¶ 55-56 (alleging that these flashlights also drained the "Kirkland brand" batteries Plaintiff put in them).

The purported defect in the flashlights also gives rise to Plaintiff's other primary complaint—that any Duracell batteries "stored" within these flashlights should last for "the 10-year advertised storage lifespan for the DURACELL batteries sold with these flashlights or the replacement batteries sold separately", yet, they do not. (*Id.* ¶ 13). Indeed, the FAC acknowledges that the issue is not the batteries themselves, since "batteries installed in non-defective LED flashlights do not suffer this parasitic power drain defect, and can be safely stored inside such non-defective flashlights for the entire advertised battery-storage lifespan, at specified reasonable storage conditions." (*Id.* ¶ 14).

## II. THE ALLEGED CONSPIRACY.

Plaintiff contends that Duracell was a member of a grand conspiracy to defraud purchasers of flashlights and batteries. Plaintiff evidently believes that Duracell is one of several "mega-brand corporate Defendants" that knew about "the parasitic battery drain defect" but rather chose "to maximize their profits and avoid the cost of fixing all the defective flashlights" by fraudulently inducing their customers to buy replacement batteries. (*Id.* ¶¶ 24). According to Plaintiff, the Defendants "conspired together and/or acted in concert with each other in their respective capacities, to proceed with producing, marketing, distributing and selling the defective Duracell-branded LED flashlights to consumers, and inducing consumers to then needlessly and repeatedly purchase Duracell and/or other replacement batteries." (*Id.* ¶ 65). Plaintiff—perhaps understandably—does not set forth any specific allegations as to Duracell's entry into and/or participation in the purported conspiracy.

## III. THE OPERATIVE COMPLAINT.

Plaintiff initially filed suit on January 31, 2019. On May 2, 2019, Plaintiff filed this FAC. The FAC asserts five claims against Duracell: (1) fraud/fraudulent concealment (Count I), (2) violation of the CLRA (Count II); (3) violation of the Manguson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. (Count III); (4) breach of express warranty (Count IV); and (5) violation of the UCL (Count V). (Dkt. 25).

# DISCUSSION

## I. LEGAL STANDARD.

To meet the pleading requirements of Rule 8(a) and to withstand a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement ... showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim ... that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Rule 9(b)'s particularity standards apply to Plaintiff's fraud and UCL claims since Plaintiff alleges false and misleading product representations that sound in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

## II. PLAINTIFF'S FRAUD CLAIM FAILS.

Plaintiff's first claim against Duracell is a claim for "fraud/fraudulent concealment." (Dkt. 35, Count I). This claim is based on two purported misrepresentations, that: (i) "Duracell-branded flashlights would be ready for use in an emergency" (the purported "Flashlight Misrepresentation") and (ii) Duracell batteries "would provide advertised run times after being stored inside these flashlights during their stated storage life" (the purported "Battery Misrepresentation") (*Id*. ¶ 80.b). Plaintiff's fraud claim is also premised on two alleged concealments, namely that Duracell "knowingly concealed the material fact of the parasitic battery drain" in the flashlights, as well as the fact that "these flashlights sold with the DURACELL batteries were not made by DURACELL but rather by a foreign licensee TECHNOMATE MANUFACTORY, LTD. with 'customer support in North America' provided not by DURACELL, but by PRO-TEK INDUSTRIES, LLC." (*Id*. ¶ 80 & 80.b). As set forth below, Plaintiff has not stated a claim for either fraud or fraudulent concealment against Duracell.

### A. The Alleged Misrepresentations Are Not Actionable.

Plaintiff's fraud-based claims fail because "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Nowhere does

Plaintiff allege when, where and how Duracell made the purported misrepresentation that the Duracell batteries "would provide advertised run times *after being stored inside these flashlights during their stated storage life*." (Dkt. 35 ¶ 80.b) (emphasis added.) As illustrated by the FAC's exhibits, Duracell advertised that the "good until" date on Duracell packaging will provide consumers with "the comfort knowing that Duracell batteries *left sitting in a drawer* will still work when they are needed most." (Dkt. 35, Ex. 17; *see also Id.* Ex. 18 (repeating the "left sitting in a drawer" statement)). These representations say nothing about Duracell batteries left sitting inside a flashlight, let alone the specific flashlights identified in the FAC. Further, as evidenced by another FAC exhibit, Duracell AAA battery packaging expressly instructs consumers to "[k]eep [batteries] in original packaging until ready to use." (*Id.* Ex. 1).

Further, the purported Battery Misrepresentation is nothing more than an express warranty. Indeed, Plaintiff identifies it as such in his FAC, basing his breach of warranty claim on the allegation that the Defendants "[w]arrant[ed] that Duracell batteries were '*Guaranteed for 10 years in storage* . . . .*'"* (Dkt. 35 ¶¶ 105.b, emphasis in original). Notably, this very warranty has been adjudicated as "not an actionable affirmative misrepresentation." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *6 (N.D. Cal. Mar. 15, 2016). In *Punian*, plaintiff alleged that the statement "Duralock Batteries are 'GUARANTEED for 10 YEARS in storage' (the 'Duralock guarantee')" was "likely to mislead a reasonable consumer because Duralock Batteries have the potential to leak and thus cannot be trusted." *Id.* at *6. The court disagreed, holding that "[a] reasonable consumer would understand the Duralock guarantee as a promise to repair, replace, or refund a battery that is in storage and fails within ten years of purchase—not as a promise that Duralock Batteries have no potential to leak." *Id.* As it explained, "An express warranty is not a representation that a product has no defects, but rather a promise to repair, replace, or refund a failed product." *Id.*; *see also Carlson v. The Gillette Co.*, No. 14-14201-FDS, 2015 WL 6453147, at *5 (D. Mass. Oct. 23, 2015) ("the statement that Duracell batteries are 'guaranteed for 10 years in storage' is simply not a promise that the batteries have no potential whatsoever to leak or otherwise fail within that time. . . . A 'guarantee' is not a promise of perfection. No reasonable consumer would believe otherwise.").

As to the purported Flashlight Misrepresentation, it is nothing more than non-actionable puffery. "The determination of whether an alleged misrepresentation 'is a statement of fact' or is instead 'mere

DURACELL'S MOTION TO DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

12408621 v2

Case 3:19-cv-00568-JD Document 44 Filed 06/18/19 Page 12 of 19

puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). To be actionable, a statement must be "specific and measurable" and "capable of being proved true or false or of being reasonably interpreted as a statement of objective fact." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1135, 1145 (9th Cir. 1997). Whether a flashlight is "ready for use" in the event of an emergency—indeed, the very meaning of an "emergency" itself—is subjective, not specific or measurable, nor is it capable of being proven true or false. As such, this statement is more like statements such as "ready for prime time," "ultra-reliable," and "packed with power," each of which courts have held are non-actionable puffery. *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1065 (C.D. Cal. 2012) ("ready for prime time" is non-actionable puffery); *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1133 (N.D. Cal. 2013) ("ultra-reliable" and "packed with power" is non-actionable puffery).

### B. Plaintiff Fails to Allege Justifiable Reliance.

Plaintiff's affirmative misrepresentation claim falters on another front: Plaintiff must plead justifiable reliance on any purported statements to sustain his claims for fraud-based claims. *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1016 (9th Cir.), *opinion amended on denial of reh'g*, 352 F.3d 367 (9th Cir. 2003). Plaintiff does not allege how he would have relied on Duracell's 10-year "in storage" battery warranty when purchasing flashlights. The warranty is for Duracell's AAA alkaline batteries, not the flashlight. Even if Plaintiff had relied upon the battery warranty while purchasing the flashlights, such reliance would be absurd. The warranty applies to batteries "in storage," not to those installed in a product. A court may determine on the pleadings that, as a matter of law, reliance is simply not plausible. *See*, *e.g.*, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (rejecting a plaintiff's unreasonable view as "not plausible"); *Werbel ex rel. v. Pepsico, Inc.*, No. 09-cv-04456, 2010 WL 2673860, at *3 (N.D. Cal. Jul. 2, 2010) (reasonable consumer would not be deceived by product packaging referencing "real fruit"). Per Plaintiff's logic, a car battery is "in storage" when the car is not running, and a battery phone is "in storage" so long as a phone is placed in the "off" position. Moreover, the only basis for why the battery warranty is false is that the batteries are installed in a defective flashlight. To that end, any brand of battery would have failed in the flashlight—Plaintiff admits as much. (Dkt. 35 ¶14). Plaintiff's theory would give him a claim against any battery manufacturer whose batteries he installed

12     Case No. 3:19-cv-00568-JD
DURACELL'S MOTION TO DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES
12408621 v2

into the flashlight.

The FAC and its supporting exhibits also reference purported quotes from Duracell websites related generally to storms and natural disasters, none of which reference the flashlights at issue. (¶ 35; Ex 13). In the context of advertising, "Rule 9(b) requires that the plaintiff(s) identify specific advertisements and promotional materials; allege when the plaintiff(s) were exposed to the materials; and explain how such materials were false or misleading." *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013). Plaintiff utterly fails to do so here. Plaintiff's attempt to rely on ancillary materials he never even alleges to have seen (let alone relied on) to bootstrap his after-the-fact view of the flashlight packaging cannot sustain his claim. *Young v. Cree, Inc.*, No. 17-CV-06252-YGR, 2018 WL 1710181, at *6 (N.D. Cal. Apr. 9, 2018) (dismissing claims including fraud because, in part, "plaintiff fail[ed] to plead his reliance and does not identify the specific representations on which he relied").

### C. Plaintiff Has Not Plausibly Alleged Fraudulent Concealment.

As noted above, Plaintiff's fraud claim also alleges that Duracell fraudulently "conceal[ed] the material fact that these flashlights sold with the DURACELL batteries were not made by DURACELL but rather by a foreign licensee TECHNOMATE MANUFACTORY, LTD. with 'customer support in North America' provided not by DURACELL, but by PRO-TEK INDUSTRIES, LLC." (*Id.* ¶ 80). Plaintiff also alleges that Duracell knowingly concealed that the Technomate-manufactured flashlights had a defect. (*Id.* ¶ 80b).

Regardless of the veracity of these self-serving contentions, Plaintiff's fraudulent concealment claim is untenable because Plaintiff has not and cannot allege a duty to disclose. *See*, *e.g.*, *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606 (2014) (listing a duty to disclose as one of the "required elements" for the claim). Under California law, a duty to disclose exists only if one of the following circumstances are present: "(1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986 (N.D. Cal. 2009) (*citing LiMandri v. Judkins,* 52 Cal. App. 4th 326, 337 (1997)). Plaintiff does not allege any one of these circumstances for either of these purported acts of concealment.

Plaintiff does not and cannot make any allegations that would give rise to the imposition of a duty to disclose. <u>First</u>, Plaintiff's pleading demonstrates that there was no active concealment or suppression of material facts. Active concealment requires an affirmative act seeking "to suppress information in the public domain or obscure consumers' ability" to discover it. *Gray v. Toyota Motor Sales, U.S.A.*, No. CV 08–1690 PSG (JCx), 2012 WL 313703, at *10 (C.D. Cal. Jan. 23, 2012). Alleged nondisclosure is insufficient. *Id.* at *9. Here, Plaintiff does not allege any *facts* to support anything beyond a mere nondisclosure. <u>Second</u>, Plaintiff does not allege that Duracell owed him a duty. Plaintiff has not claimed the existence of a fiduciary relationship, nor can there be in an arms-length consumer transaction. *First v. Allstate Ins. Co.*, 222 F. Supp. 2d 1165, 1174-1175 (C. D. Cal. 2002). <u>Third</u>, Plaintiff does not allege that Duracell had exclusive knowledge of material facts not known to him. To the contrary, he alleges that the flashlight defect was common knowledge. (Dkt. 35 ¶ 19 & Exs. 14-16). Plaintiff also alleges that when consumers called Duracell to report this defect, "consumers were informed that **the end caps of their flashlights had defective power switches** and consumers were offered replacement end-caps to be sent free of charge." (*Id.* ¶ 22) (emphasis in original). Separately, as demonstrated by the materials attached to the FAC, Duracell was disclosing to consumers as early as June 2015 that its LED flashlights were manufactured by Technomate. (*Id.*, Ex. 14 at 1). Further, Plaintiff has not alleged that Duracell made partial representations but also suppressed some material facts.

Finally, any claims premised upon a conspiracy to defraud consumers into purchasing more Duracell batteries falls woefully short of Rule 9(b) standards and should be rejected. Where a plaintiff alleges a conspiracy to defraud, he must "to provide the particulars of when, where or how the alleged conspiracy occurred." *Vess*, 317 F.3d at 1106. He must also differentiate between the actions of each defendant. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (noting that the district court had dismissed conspiracy claims twice because the plaintiffs were making "'everyone did everything' allegations"). Here, Plaintiff makes no effort to plead facts in support of the conspiracy that would come close to satisfying Rule 9(b) and does not differentiate between the actions of each Defendant. The conspiracy claim cannot stand.

Plaintiff does not and cannot make any allegations that would give rise to the imposition of a duty to disclose. <u>First</u>, Plaintiff's pleading demonstrates that there was no active concealment or suppression of material facts. Active concealment requires an affirmative act seeking "to suppress information in the public domain or obscure consumers' ability" to discover it. *Gray v. Toyota Motor Sales, U.S.A.*, No. CV 08–1690 PSG (JCx), 2012 WL 313703, at *10 (C.D. Cal. Jan. 23, 2012). Alleged nondisclosure is insufficient. *Id.* at *9. Here, Plaintiff does not allege any *facts* to support anything beyond a mere nondisclosure. <u>Second</u>, Plaintiff does not allege that Duracell owed him a duty. Plaintiff has not claimed the existence of a fiduciary relationship, nor can there be in an arms-length consumer transaction. *First v. Allstate Ins. Co.*, 222 F. Supp. 2d 1165, 1174-1175 (C. D. Cal. 2002). <u>Third</u>, Plaintiff does not allege that Duracell had exclusive knowledge of material facts not known to him. To the contrary, he alleges that the flashlight defect was common knowledge. (Dkt. 35 ¶ 19 & Exs. 14-16). Plaintiff also alleges that when consumers called Duracell to report this defect, "consumers were informed that **the end caps of their flashlights had defective power switches** and consumers were offered replacement end-caps to be sent free of charge." (*Id.* ¶ 22) (emphasis in original). Separately, as demonstrated by the materials attached to the FAC, Duracell was disclosing to consumers as early as June 2015 that its LED flashlights were manufactured by Technomate. (*Id.*, Ex. 14 at 1). Further, Plaintiff has not alleged that Duracell made partial representations but also suppressed some material facts.

Finally, any claims premised upon a conspiracy to defraud consumers into purchasing more Duracell batteries falls woefully short of Rule 9(b) standards and should be rejected. Where a plaintiff alleges a conspiracy to defraud, he must "to provide the particulars of when, where or how the alleged conspiracy occurred." *Vess*, 317 F.3d at 1106. He must also differentiate between the actions of each defendant. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (noting that the district court had dismissed conspiracy claims twice because the plaintiffs were making "'everyone did everything' allegations"). Here, Plaintiff makes no effort to plead facts in support of the conspiracy that would come close to satisfying Rule 9(b) and does not differentiate between the actions of each Defendant. The conspiracy claim cannot stand.

## III. PLAINTIFF'S CLRA AND UCL CLAIMS ARE LIKEWISE DEFICIENT.

### A. Plaintiff's CLRA Claim Fails Because There Were No Misrepresentations.

Plaintiff's CLRA claim is premised on the contention that Duracell engaged in an "unfair method of competition and unfair and deceptive acts" thus leading consumers to purchase replacement batteries and replacement flashlights. (*See* Dkt 35, ¶¶ 94, 95). Plaintiff also alleges that Duracell "misrepresented that these LED flashlights and the replacement DURACELL batteries therefore have particular characteristics, uses and benefits or qualities" and advertised the goods with the intent not to sell them as advertised. (*Id.* ¶¶ 96-97).

The CLRA generally prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer," including "[r]epresenting that . . . services have . . . characteristics . . . which they do not." Cal. Civ. Code § 1770(a), (a)(5). It also prohibits representing that "good are services are of a particular standard, quality, or grade… if they are not." *Id*. at §1770(a)(7). It further prohibits "advertising goods or services with intent not to sell them as advertised." *Id*. at § 1770(a)(9) Only conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 680 (2006) (internal quotations omitted). The phrase "likely to deceive" has been interpreted to mean that "the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003); *Hill v. Roll Int'l Corp*, 195 Cal. App. 4th 1295, 1304 (2011) ("California courts consistently have looked to the ordinary consumer within the larger population . . . .") (internal citation & quotation marks omitted).

As explained above, Plaintiff has not identified any actionable misrepresentations or omissions as to either the batteries or the flashlights. And, to the extent Plaintiff's CLRA claim is premised upon Duracell's purported failure to disclose some putative defect with the flashlights, it is of no avail. Like common law fraudulent concealment, Plaintiff is also required to plead a duty to disclose under the CLRA. *See*, *e.g.*, *Baba v. Hewlett–Packard Co.*, No. C 09–05946 RS, 2010 WL 2486353, at *7 (N.D. Cal. June 16, 2010). As set forth above, Plaintiff has not identified any duty to disclose and his CLRA claim should be dismissed with prejudice.

### B. Plaintiff's UCL Claim Falls with the Deficient CLRA Claim.

The UCL prohibits three types of unfair competition—acts or practices that are unlawful, unfair or fraudulent. *See* Cal. Bus. & Prof. Code § 17200. According to Plaintiff, Duracell's conduct was "unlawful and/or fraudulent" because of purported violations of Civil Code §§ 1709-1711 (California's fraud statutes) and CLRA §§ 1770(a)(5), (a)(7) and (a)(9) (the unlawful, fraudulent, and unfairness prongs of the CLRA, respectively). (Dkt. 35 ¶ 120). And, according to Plaintiff, Duracell's conduct was unfair because of its "knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants." (*Id.* ¶ 122).

First, the unlawful prong of the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Hewlett-Packard*, 668 F.3d at 1140. Where, as here, a plaintiff fails to plead a violation of another law, the claim under the unlawfulness prong of the UCL must also be dismissed. *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1105-6 (N.D. Cal. 2007) (dismissing UCL claim where plaintiff failed to adequately plead CLRA and fraud claims). Plaintiff's unlawfulness UCL claim is premised upon violations of fraud pursuant to Civil Code §§ 1709-1711, and violation of CLRA. (Dkt 35 ¶ 120). Since Plaintiff fails to adequately plead either claim, they have not pleaded a valid UCL claim under this prong.

Second, Plaintiff's UCL claim predicated on deception fails because Plaintiff has not alleged that a reasonable consumer is likely to be deceived for the reasons set forth above *supra*, Section II.B. *See also Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x 561, 563 (9th Cir. 2008) (affirming dismissal of UCL and CLRA claims where plaintiff failed to allege the reasonable consumer was likely to be deceived).

Third, Plaintiff does not have standing to bring the unfairness claim pled in the FAC because the alleged harm was to Duracell's competitors. (Dkt. 35 ¶ 123-125). But even if Plaintiff were to somehow, someway change his unfairness claim to make it a consumer (as opposed to competitor issue), the claim would still be untenable. The law is clear that where an unfairness claim is based on the same defective allegations raised as to other prongs, the claim under the unfairness prong should be dismissed. *See*, *e.g.*, *Punian*, 2016 WL 1029607, at *17 (dismissing UCL claim under unfairness prong premised on the same defective allegations of fraud upon which CLRA and unlawful UCL violations were premised); *In re*

*Actimmune Mktg. Litig.*, No C 08-02376 MHP, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009) (dismissing UCL claim where plaintiff's claim was premised upon a defective fraud claim and plaintiff failed to plead any conduct that was non-fraudulent was otherwise unfair).

## IV. PLAINTIFF'S WARRANTY CLAIMS FAIL.

Plaintiff brings two breach of warranty claims against Duracell, one under the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301) and the other for breach of express warranty under California law. (Dkt. 35, Claims 3, 4). For all intents and purposes, the analysis of these two claims is identical. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (MMWA claims "stand or fall with [the] express and implied warranty claims under state law.").

Under California law, "[a] manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1144 (N.D. Cal. 2010) (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 (1992)). "To prevail on a breach of express warranty claim under California law, a plaintiff must prove: (1) the seller made an affirmation of fact or a promise, or otherwise described the goods; (2) the statement formed part of the basis of the bargain; (3) the express warranty was breached; (4) the plaintiff was harmed; and (5) the breach of warranty was a substantial factor causing the plaintiff's harm." *Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, at *5 (N.D. Cal. May 17, 2011). Here, Plaintiff alleges the terms of two purported warranties. One is that each of the defendants "Warrant[ed] that DURACELL batteries were "Guaranteed for 10 years in storage" (the purported "Battery Warranty"). (Dkt. 35 ¶ 105.b). The other is that "Defendants warranted that each of the Duracell-branded LED flashlight models 250, 300 and 350, was free of defects when it sold these products to Representative Plaintiffs and class members" (the purported "Flashlight Warranty"). (Dkt. 35 ¶ 113).

### A. Plaintiff Fails to State a Claim as to the Purported Battery Warranty.

Plaintiff repeatedly acknowledges that the batteries were not defective. (*Id.* ¶ 14) (stating that the Duracell "batteries installed in non-defective LED flashlights do not suffer this parasitic power drain defect, and can be safely stored inside such non-defective flashlights for the entire advertised battery-storage lifespan, at specified reasonable storage conditions"). Rather, the issue is what the subject flashlights do to these non-defective batteries—"their flawed end caps continuously and rapidly drain

electric power when their LED lights are switched OFF…," and, thus, "batteries (Duracell-branded or any other equivalents) inside these flashlights [will] become fully depleted and dead, in less than 30 days." (*Id.* ¶ 13). Thus, it is a purported defect in the flashlights that has caused the injury alleged in the FAC, which is that "[m]any class members, including Plaintiff, have continued to spend money replacing multiple sets of DURACELL batteries, until they finally realized that it was futile." (*Id.* ¶ 18; *see also id.* ¶ 82). Given that the FAC alleges it is the defective flashlights and not the batteries themselves causing the harm, Plaintiff has not alleged facts to support his claim that a breach of the Battery Warranty proximately caused his injury. This requires that both his breach of warranty claim and his MMWA claim based on the purported Battery Warranty be dismissed.

### B. Plaintiff Has Not Stated a Claim as to the Purported Flashlight Warranty.

Where a plaintiff seeks to bring a breach of warranty claim, he must do more than "state generally" that a product was warranted to be "free from defect 'for the duration of the warranty period.'" *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008). Rather, "[t]o constitute an actionable express warranty, the statement 'must be specific and unequivocal[,] and it must be written." *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 875 (N.D. Cal. 2015) (second brackets in original, citation omitted). To that end, "[a] plaintiff must allege 'the exact terms of the warranty.'" *Edmunson*, 2011 WL 1897625, at *5.

Here, Plaintiff fails to identify the exact terms of a warranty made by Duracell. Rather, he alleges generally that "Defendants" each warranted that "the Duracell-branded LED flashlight models 250, 300 and 350" were "free of defects." (Dkt. 35 ¶ 113). In addition, he does not allege that the Flashlight Warranty is (or was) written. These infirmities doom Plaintiff's attempt to bring a breach of warranty claim on the purported Flashlight Warranty. Separately, a review of these packages attached to the FAC as exemplars illustrates that not one of these packages warrant that the flashlights would be "free of defects." (*Id.*, Exs. 8-10). As Plaintiff has failed to properly allege a valid warranty or otherwise support his contention as to the Flashlight Warranty, his breach of warranty and MMWA claims must be dismissed.

18                               Case No. 3:19-cv-00568-JD
DURACELL'S MOTION TO DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

12408621 v2

## CONCLUSION

For the foregoing reasons, The Duracell Company respectfully requests that this Court dismiss the First Amended Complaint in its entirety, with prejudice.

Dated:   June 18, 2019                                  Respectfully submitted,


By:   *s/Krista Enns*
      Krista Enns (CA 206430)
      Reed Lyon (CA 288361)
      Mark Eisen (CA 289009)
      David S. Almeida (*pro hac vice* to be filed)
      BENESCH, FRIEDLANDER, COPLAN & ARNOFF LLP
      kenns@beneschlaw.com
      rlyon@beneschlaw.com
      meisen@beneschlaw.com
      dalmeida@beneschlaw.com

      *Attorneys for Defendant The Duracell Company*