Timothy P. Rumberger, Esq. California State Bar #145984
**LAW OFFICES OF TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
Telephone:     (510)841-5500
Facsimile:     (510)521-9700
e-mail: tim@rumbergerlaw.com

Attorneys for the Representative Plaintiffs
And the Plaintiff Class(es)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY F. SIDDLE and MICHAEL E. LIPSON, individually and on behalf of all those similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE DURACELL COMPANY,<br>COSTCO WHOLESALE CORPORATION,<br>TECHNOMATE MANUFACTORY, LTD.,<br>PRO-TEK INDUSTRIES, LLC.<br><br>　　　　Defendants, | Case No.  4:19-cv-00568-JD<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE AND EQUITABLE RELIEF**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Representative Plaintiffs STANLEY F. SIDDLE and MICAHEL E. LIPSON allege as follows:

## INTRODUCTION

1.   This is a class action brought by Representative Plaintiffs on behalf of themselves and a national class, of all persons who purchased Duracell-branded LED flashlight model 350L bearing date codes 1533, 1534 and/or 1535, manufactured by DURACELL licensee TECHNOMATE MANUFACTORY, packaged with DURACELL batteries included, marketed in collaboration with and distribution by DURACELL's retail partner COSTCO, within four years of the date this action was initially filed, January 31, 2019.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058  v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

1

2.   These flashlights are defective:  they rapidly drain batteries in less than 30 days when turned OFF.

3.   THE DURACELL COMPANY is an American manufacturing company, with principal executive offices in Chicago, Illinois (and subsidiaries in China).

4.   TECHNOMATE MANUFACTORY, LTD. is a Hong Kong manufacturer, representing itself on letterhead to consumers as PRO-TEK INDUSTRIES, LLC in California.

5.    COSTCO WHOLESALE CORPORATION is the second largest retailer in the world, based in Washington, operating an international chain of membership-only warehouse clubs.

6.   In 2013, DURACELL, TECHNOMATE/PRO-TEK and COSTCO executives collaborated in the development of a plan to manufacture Duracell-branded LED flashlights to be sold with Duracell-manufactured batteries, inside packages designed and marketed for sale by COSTCO.

7.   DURACELL, as required by the Lanham Act, 15 U.S.C. §1051-1127, DURACELL has at all times relevant retained and bore a duty to exercise its rights to quality control over the design and manufacture of all Duracell-branded flashlights so as to ensure that all goods bearing the DURACELL mark are of the same quality.

8.   COSTCO's participation in the packaging design, marketing representations and distribution of these defective Duracell-branded flashlights far exceeded that of a mere passive retailer, beginning with its discussions in 2013 with DURACELL and TECHNOMATE/PRO-TEK to develop, manufacture and distribute Duracell-branded flashlights packaged with DURACELL batteries for COSTCO;  COSTCO contributed to the creation and implementation of the package misrepresentations for the Duracell-branded LED flashlights and batteries as emergency products -- identifying COSTCO as the Wholesaler, Importer and Distributor of these products, with unique product-ID codes and specific to COSTCO exclusively, appearing in multiple languages with addresses in multiple countries, including COSTCO in the United States (Seattle, Washington),

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13694058 v2

2

**THIRD AMENDED CLASS ACTION COMPLAINT**

Canada, Mexico, the United Kingdom, Spain, Iceland, France, Japan, Korea, Taiwan and Australia.

9.   At all times herein relevant, Defendants together have engaged in a concerted scheme to manufacture, market and distribute the defective Duracell-branded LED flashlight model 350L bearing date codes 1533, 1534 and/or 1535.  All of these LED flashlights were marketed by Defendants inside sealed multi-packs containing three or four flashlights, fully visible through the so-called transparent "Plastic Blister Packaging," fully sealed to the color-printed carboard backing containing marketing materials and product specifications

10. Each of these sealed retail packages of Duracell-branded LED flashlights included a full set of DURACELL AAA-size  "COPPERTOP Alkaline-Manganese Dioxide" batteries (presently designated as model MN2400), one full set for each of the flashlights, all made prominently visible in the clear plastic packaging.  Conveniently, these "bonus" sets of DURACELL batteries can be immediately installed and used for powering the enclosed LED flashlights by the consumers.  In stark contrast to the legally compliant and industry-standard licensing transparency practices, nowhere *on* these Duracell-branded LED Flashlights, nor anywhere on the packaging, does any name other than DURACELL and COSTCO appear -- not the name or existence of any licensee, manufacturer, or customer service provider -- other than DURACELL and  COSTCO. Certainly nothing on the product packaging or point-of-purchase in-store displays discloses that these flashlights are produced anyone other than DURACELL or COSTCO, such that, at the time of purchase, the objective representation to Plaintiffs (as well as any and all consumers reasonably relying on this representation) is that DURACELL is the manufacturer of the Duracell-branded flashlights and the Duracell-branded bateries inside marketed by COSTCO absent any disclosure that the manufacturer could be a mere licensee.  Similarly, there is no indication on the packaging, or in any of the marketing of these defective Duracell-branded LED flashlights, that the 888-910-

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

3

**THIRD AMENDED CLASS ACTION COMPLAINT**

2280 "Customer Service" phone number provided connects consumers to anyone other than DURACELL (rather than in fact to TECHNOMATE/PRO-TEK in California, operating a warehouse, shipping operation and answering mail *as* TECHNOMATE).

11. The Duracell-branded LED flashlight model 350L bearing date codes 1533, 1534 and/or 1535 all share a catastrophic and pervasive design and/or manufacturing defect that rapidly drains the installed batteries, with power turned OFF, thus rendering these flashlights inoperable until reloaded with more batteries, as further described below.

12. Defendants' admission of its knowledge of this defect in the model 350L bearing date codes 1533, 1534 and/or 1535 is revealed ***on the packaging*** of later variants of the Duracell-branded LED flashlights, (*e.g.* models 380, 500, 1000, 1500.) -- marketed by Defendants COSTCO, TECHNOMATE/PRO-TEK and DURACELL as being free of this design and/or manufacturing defect.

13. The packaging and marketing for the defective Duracell-branded LED flashlights promotes the reliability of these products, assuring consumers that these products are **"ideal"** for use in "**emergencies**" and boasting about their performance, specifically the ability to provide light continuously for up to 1 hour and 30 minutes at the high-intensity setting, and up to 7 hours at the low-intensity setting, when used with DURACELL AAA alkaline batteries.  Any flashlight that drains batteries in 30-days when stored in the OFF-position is not ideal for emergencies, but actually increases the danger due to consumers' false confidence induced by the misrepresentations of emergency reliability appearing on the packaging – the collaborative design of COSTCO, DURACELL AND TECHNOMATE/PRO-TEK.

14. However, **the defective Duracell-branded LED flashlights model 350L bearing date codes 1533, 1534 and/or 1535 do not actually have the performance characteristics represented by Defendants' promises related to either these Duracell-branded flashlights**:

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

4

13694058 v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

they do not provide consumers with the advertised operation times.  Instead, these flashlights fail to turn on at all, or turn on and fade out in seconds, after being stored and not in use for 30 days or less.  Specifically, these flashlights are defective in that **their flawed end caps continuously and rapidly drain electric power when their LED lights are switched OFF**, thus causing the batteries **(**Duracell-branded or any other equivalents) inside these flashlights to become fully depleted and dead, in less than 30 days.

15. In contrast, batteries installed in non-defective LED flashlights do not suffer this parasitic power drain defect

16. As a result of this inherent and pervasive defect in these Duracell-branded LED flashlights, consumers who trusted the DURACELL brand and counted on their LED flashlights to work **are being literally left in the dark, just when they need their flashlights most – during critical emergency or even life-and-death situations**, such as power outages, failed or tripped fuses, household fires, home intruder alerts, vehicle breakdowns, or natural disasters like earthquakes, hurricanes, tornadoes, snow storms, floods, landslides and fast-moving outdoor fires, or even acts of terrorism and riots, domestically and while travelling globally – in any times of crisis during which having immediate access to a working flashlight, with batteries holding their full charge, can be essential for having a bright light to save oneself and one's family.  The defective Duracell-branded LED flashlights fail to turn on at all, or they do not provide the expected high-intensity light for anywhere near the advertised operation times – precisely during the **"emergencies"** these products are marketed and sold as being essential and ideal for such emergencies by Defendants.

17. Plaintiffs reasonably relied on Defendants' misrepresentations that these defective Duracell-branded flashlights were "ideal for emergencies"– and based on such reasonable reliance, placed the Duracell batteries in storage inside the flashlights they came packaged with, in the OFF position, ready for use in a future emergency, as every reasonable consumer foreseeably would do.

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058 v2

5

**THIRD AMENDED CLASS ACTION COMPLAINT**

18. Those consumers fortunate enough to have tested their defective Duracell-branded LED flashlights a month or so after first installing sets of DURACELL batteries in them, discovered that these batteries had become mostly or fully depleted, thus rendering their LED flashlights nearly or completely dead – prior to needing to use them in an emergency -- thus alerting such consumers to the need to replace the prematurely depleted batteries. Consumers, however, still have no idea that the defective Duracell-branded LED flashlights they have strategically placed in their homes, places of work or vehicles over the past four years, have actually long been dead and will not help them in the event of an actual emergency.

19. Prior to the filing of this Complaint, **consumers from all over the United States reported and complained** about the rapid power drain of the DURACELL batteries sold with and included in the packaging with the defective Duracell-branded LED flashlights, as well as the subsequently replaced batteries.  Thousands of consumer complaints were made nationwide directly to COSTO, directly to DURACELL, and directly to TECHNOMATE/PRO-TEK, as well as posted electronically on consumer-product message websites, eliminating any doubt that Defendants and each of them, at all times since at least 2014, were fully aware of the prevalence of this defect.

20. In fact, Defendants, and all of them, were fully aware, or should have been aware, of this design or manufacturing defect, as evidenced by the large number of consumer complaints made via their customer service phone numbers, emails, professional consumer product reporting websites and amateur product review websites and online videos, as well as the innumerable public postings on websites maintained and/or monitored by Defendants.

21. In the wake of such widespread complaints, Defendants DURACELL, COSTCO and TECHNOMATE/PRO-TEK changed the marketing on the packaging for the subsequent, non-defective models of Duracell-branded flashlights, such as the **models 380** and **500**, now stating: "*Eliminates power drain of batteries in off position,*" as well as "*NO BATTERY DRAIN*

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

13694058  v2

6

**THIRD AMENDED CLASS ACTION COMPLAINT**

*IN OFF POSITION*" -- revealing explicit admissions by the Defendants of their knowledge of the rapid parasitic battery drain defect in the previous Duracell-branded LED model 350L bearing date codes 1533, 1534 and/or 1535 -- and utilizing the known defect in those flashlights to *further* profit by promoting consumer purchases of Duracell-branded non-defective flashlights (packaged with DURACELL batteries) sold through its distribution partners, including COSTCO.

22. Further admissions have been made to customers who suspected that their Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 were defective and called the tech support number (888-910-2280, provided on the packaging and in the user manuals). Once connected to a service center, and after complaining about the rapid battery drain issue, consumers were informed that **the end caps of their flashlights had defective power switches**.

23. Despite Defendants' awareness of this pervasive defect (and the feasibility of replacing the end caps containing the defective power switches), no comprehensive notification nor national recall action has ever been undertaken, by any entity in the chain of distribution, including DURACELL, TECHNOMATE/PRO-TEK or COSTCO, to warn consumers in order to either remove these defective, wasteful and potentially very dangerous Duracell-branded LED flashlights from circulation, or to replace all the defective end caps in these Duracell-branded LED flashlights model 350L bearing date codes 1533, 1534 and/or 1535.

24. Instead, Defendants have evidently chosen to maximize their profits and avoid the costs of fixing or replacing all the defective flashlights they sold – **at the expense of their trusting customers being literally left in the dark**, often in dangerous situations. As another damaging result of this pervasive defect, millions of needlessly drained batteries accumulate in dumps, landfills, or recycling centers, while their otherwise unnecessary manufacturing, packaging and transportation continue to contribute to global warming and natural resource depletion.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13694058 v2

7

**THIRD AMENDED CLASS ACTION COMPLAINT**

25. By this scheme, DURACELL, TECHNOMATE/PRO-TEK, and COSTCO collaborated in creating the packaging that misrepresents the defective Duracell-branded flashlights which drain batteries in the OFF position as "ideal for emergencies" **without disclosing the crucial parasitic battery drain defect known to Defendants**,,", notwithstanding the maelstrom of complaints from their customers, and knowing that comparable non-Duracell branded products did ***not*** have this built-in defect (virtually effortless to correct with minor engineering/manufacturing corrections at negligible cost), Defendants continued, year after year, to market these three successive models of defective LED flashlights.

26. Defendants communicate with consumers through several internet websites, such as www.duracell.com/en-us/  and  www.youtube.com/user/OfficialDuracell/videos, that contain extensive promotions of safety preparedness -- using DURACELL batteries, of course.

27. DURACELL's website also links to a parallel website apparently operated by TECHNOMATE dedicated specifically to marketing flashlights (www.duracellflashlights.com), with an FAQ section (http://duracellflashlights.com/faq/) that both misleads consumers about the rapid battery drain defect, and offers them entirely counter-helpful advice, while contradicting well-established safety preparedness practices, as detailed below.   (*see* Exhibit 7)

28. No disclosure to consumers appears anywhere on either the Duracell.com website nor the duracellflashlights.com website identifying TECHNOMATE as the actual foreign manufacturer, nor is there any implication on the product packaging that any company other than DURACELL is the manufacturer of these Duracell-branded flashlights – thus inducing Plaintiffs and consumers universally to reasonably believe that these Duracell-branded LED flashlights are a COSTCO product manufactured by DURACELL – as the names of these two defendants, and *only* these two names, appear multiple times on each package – with a customer support number in California.

29. For those consumers who might suspect that their DURACELL batteries are being rapidly

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058  v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

1  drained inside the defective Duracell-branded LED model 350L flashlights bearing date codes

2  1533, 1534 and/or 1535, even when they are turned OFF, Defendants concede in the FAQ section:

3  "*For best battery performance, remove the batteries from the flashlight when not in use.*" (*see*

4  Exhibit 7) . However, if consumers were to follow this suggestion, it would substantially defeat

5  the most important purpose of pocket-sized flashlights for which they were being marketed and

6  sold – to be instantly available to reliably provide powerful portable light in emergency situations.

7  Plaintiff putative class members have no "advance warning," of course, when they face home

8  intrusions, vehicle breakdowns, earthquakes, tornadoes, floods, landslides, fires or any other

9  unexpected emergencies or disasters.  Therefore, they are not provided with a timely "heads-up" to

10  first find their DURACELL batteries, then find and review their user manuals to follow all the

11  required steps, including having to unscrew the end caps of their Duracell-branded LED

12  flashlights and remove the battery holder modules, without dropping and losing them, then

13  correctly orient the polarity of multiple batteries into the holder module (that requires each of them

14  to point in a different direction), then slide the battery holder module back into the flashlight, in

15  the correct direction, and finally align and screw the end cap back on.  This entire process would

16  have to be performed by consumers with limited lighting and likely in total darkness – before the

17  class member consumers or their family members are able to turn on their flashlights and get the

18  bright LED light desperately needed to help escape to safety in a natural disaster or to fix a

19  dangerous problem like having to replace a blown tire on the side of the road at night.  All of this

20  is well understood by Defendants, as discussed further below and evidenced by Defendants' own

21  online publications.  (*see* Exhibit 13)

22      30. To "*remove the batteries from flashlights when not in use,*" and store them separately, as

23  the Duracell FAQ web page speciously suggests, makes them axiomatically ***NOT ideal*** for

24  emergencies, as Plaintiff putative class members would need to be able to perform the above

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

13694058 v2

9

**THIRD AMENDED CLASS ACTION COMPLAINT**

described precision tasks at lightning speed, and do so perfectly, from the first attempt, most likely in complete darkness, even if they might be elderly, partially disabled, already injured as a result of the emergency they are trying to survive, or trembling in terror and disoriented during the moment of great danger, like an earthquake, a flash-flood or an encircling fiery inferno.  To be of any help to anyone when disaster strikes, usually without any warning, it is indisputable that batteries must already be securely installed inside their flashlights and tested to make sure they work as installed, and thus always ready to be turned ON, to instantly provide powerful portable LED lighting.  This is also fully consistent with the reasonable expectations of an average reasonable LED flashlight consumer.

31. All theThe defective Duracell-branded flashlight models still appearLED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 appeared available for purchase online at various websites and are being promoted through DURACELL's own website with direct links to duracellflashlights.com (as of 2019-01-31, at http://duracellflashlights.com/products/), including detailed descriptions of their features and technical specifications, as well as providing download links for their user manuals  (*see* Exhibits 6 - 12)::

    a.  In the CAUTION section of the **model 250** user manual, the website states:

"***Remove batteries from equipment which is not to be used for an extended period of time***."  However, the website fails to define "*an extended period of time*" -- an ambiguous term which could mean completely different lengths of time to different consumers: from months or years, up to the advertised shelf life of DURACELL batteries, and thus a legally and practically illusory statement.  Most importantly, as of the filing of this Complaint, **Defendants still fail to disclose that the Duracell-branded model 250 flashlight has a defect and will start depleting batteries the moment they are installed, even with power turned OFF**, and will likely fully

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058 v2

10

**THIRD AMENDED CLASS ACTION COMPLAINT**

drain the installed batteries in less than 30 days, thus rendering this flashlight useless in an emergency, contrary to Duracell advertising.

b. In the second CAUTION section of the **model 300** and **350** manuals, the website states: "***Remove batteries from appliances that will not be used for long periods of time (months or longer)***," which actually precisely means "longer than two (2) months."  However, the website **fails to disclose that the Duracell-branded model 300 and 350350L flashlights** bearing date codes 1533, 1534 and/or 1535 **have a defect and that they will likely start depleting batteries the moment they are installed, even with the power turned OFF**, and will likely fully drain the installed batteries in less than 30 days, rather than when installed "*for long periods of time (months or longer)*," as claimed in the user manuals, thus rendering these flashlights useless in an emergency, contrary to Defendants' marketing.

c. In the second CAUTION section of the manual for **model 380**, the first of the newer models known to announce on its packaging that it "***Eliminates power drain of batteries in off position,***" the duracellflashlights.com website again states: "***Remove batteries from appliances that will not be used for long periods of time (months or longer)***," which appears to be an erroneous and entirely counter-helpful "leftover" misdirection from the older, defective models' user manuals.

d. Most importantly, despite already having invested in constructing elaborate web pages and a quite popular YouTube channel to promote to consumers, and educate them about all the DURACELL batteries and Duracell-branded LED flashlights, including the Model 350L bearing date codes 1533, 1534 and/or 1535 Defendants knew to have a battery drain defect, Defendants still:

    i. failed to warn current and prospective consumers about the defect;

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13694058 v2

11

**THIRD AMENDED CLASS ACTION COMPLAINT**

ii. provided either vague or deceptive "cautions" in the applicable user manuals, that would not actually help consumers avoid having their batteries become fully depleted inside their defective Duracell-branded flashlights (while these "cautions" also completely contradicted reasonable and universally accepted flashlight-safety preparedness practices);

iii. failed to proactively offer customers in possession of defective flashlights still covered by applicable warranty periods with a fix for the battery drain defect (via a free replacement end cap, or a complete replacement of these defective flashlights free of charge);

iv. failed to deliver free replacement end cap(s), or a complete free replacement of the defective flashlight(s) to some consumers who called the service center, placed the order and were promised to receive these free replacement items from Defendants within 10 days, instead waiting for almost a year - with no updates on the status of their orders;

v. failed to notify owners of the older defective flashlights, those outside of the stated warranty periods, that they should upgrade and purchase one of the newer Duracell-branded flashlight models that are free of the battery drain defect.

32. The actual performance characteristics of the defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 are dramatically and catastrophically inferior to those advertised by DURACELL and its manufacturing and retail partners: whole sets of DURACELL batteries begin to be needlessly drained, the moment they are installed in these flashlights, and they continue to be drained, when turned OFF, until they are completely dead, in less than 30 days. Therefore, the only accurate and honest "caution" that Defendants could have

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500
13694058 v2

12

**THIRD AMENDED CLASS ACTION COMPLAINT**

provided on the related packaging and in their user manuals *would have been*:

> "*These Duracell-branded LED flashlights, not made by Duracell, but made by TECHNOMATE in China, under license and without technical supervision or verification by Duracell, might likely drain power from batteries the moment they are installed, even with the LED lights turned OFF, and they might likely fully deplete a set of batteries in less than 30 days.*
>
> *Consumers should remove batteries from these flashlights immediately after each use and store them separately from the flashlights, if they desire to enjoy the 10-year advertised shelf life from DURACELL batteries, either included with or subsequently purchased for use with these Duracell-branded LED flashlights.*
>
> <u>*These flashlights are NOT suitable for emergency use, and should not be relied on to provide bright light for advertised periods of time in the event of emergencies.*</u>"

As mocked-up above, the Defendants should have fully disclosed the licensing arrangements for the LED flashlights being sold as DURACELL products, as well as the true actual manufacturer of all the products contained in the relevant COSTCO package(s), as is done by other honest corporations.  Obviously, if such disclosures were made by Defendants, consumers would refuse to purchase the defective Duracell-branded LED flashlights.

33. In fact, even if these defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 were being given away for free, they would expose consumers to financial losses and frustration of constantly having to replace batteries, as well as, at the very least, the great stress whenever these defective flashlights failed to turn on duringin an emergency situations, and very likely directly result in other great potential harm to consumers in such emergency situations.  It would be like giving away deliberately defective lifejackets to trusting boat owners:  if a boat owner or his passengers have no other lifejackets (because of reliance on the lifejackets as they were marketed), they would now be more endangered, by being left without a product able to save them when the boat sinks in a storm.  Defendants not only know, but actively promote the notion that one of the primary reasons consumers should and do desire compact household LED flashlights, is to have them immediately available, inside multiple rooms

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058  v2

13

**THIRD AMENDED CLASS ACTION COMPLAINT**

of their homes, in their backpacks, purses and vehicles, instantly operable in case of emergencies. This also explains why consumers eagerly purchase(d) LED flashlights in multi-packs, containing a total of 3 or 4 LED flashlightsunits each (along with the matching sets of Duracell batteries): consumers install(ed) the batteries in the flashlights and then – to place(d) them in numerous strategic locations around their homes and their cars – to be ready for use immediately, to shine a bright light, whenever a disaster might strike.

34. Inability to keep batteries installed inside LED flashlights, without having them rapidly drain the batteries, **renders such LED flashlights entirely unsuitable for emergency use** – and fraudulently failing to fulfill the advertised promises on the product packaging of models like the **350L** ("***Emergency*** *Strobe Light,"* on front and "*Compact design makes it **ideal for** home, car, outdoors and **emergencies,**"* on back).

35. At DURACELL's web page https://www.duracell.com/en-us/program/duracell-powerforward/, under the heading **Storm Preparedness**, DURACELL declares

> "*Storms and natural disasters are **unpredictable**. You never know when one can affect you or someone you love. That's why Duracell encourages everyone to review the Duracell Emergency Checklist or visit www.Ready.gov. Your Emergency Preparedness kit **could save your life**. Make sure it's packed with plenty of food, water, **flashlights** (and/or lanterns) **and plenty of trusted Duracell batteries** to outlast the storm.  Follow @Duracell on Twitter for real time updates about storms, preparedness, and PowerForward deployments*."

Further down that ***Storm Preparedness*** web page, DURACELL states:

> "***Natural disasters*** *like hurricanes, tornados and floods **are happening more frequently every year**, causing power outages **for millions of people***."

DURACELL is thus clearly aware that disasters strike <u>without warning</u> and they <u>endanger the lives of millions of Americans</u>, including DURACELL's loyal customers.  DURACELL then

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058 v2

14

**THIRD AMENDED CLASS ACTION COMPLAINT**

expresses its highly commendable corporate commitment to help communities in desperate need, as promoted on their website (and via YouTube videos):

> "*To assist those in need and to help communities recover, Duracell created the PowerForward* program.  Since 2011, *Duracell PowerForward has been helping affected communities across the country* by distributing free Duracell batteries, charging mobile devices, and providing Internet access to those in need so they can connect with family*.*"

Without doubt, these are truly beneficial community outreach programs.  However, DURACELL's stated commitment to save lives rings hollow and remains little more than corporate brand marketing, shamelessly leveraging the devastation experienced by disaster victims – **unless DURACELL and all of its manufacturing and retail partners also take immediate steps to remove from circulation and/or repair every single one of its defective and dangerous Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535.**

36. Unfortunately, these supposedly essential life-saving Duracell-branded flashlights will, more likely than not, leave class members in desperate trouble, possibly resulting in loss of life. Every day these defective LED flashlights remain in their possession, they are endangering, rather than helping millions of consumers who trusted DURACELL brand reputation and advertised promises, but will end up in the dark during a crisis, with fully or mostly depleted batteries in their defective Duracell LED flashlights.

37. All of the above further confirms that Defendants were fully aware of the battery drain defects in the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535

38. It is also remarkable that COSTCO, among DURACELL's retail distribution partners, was previously already successfully selling large volumes of <u>non-Duracell-branded</u> compact LED flashlights that were free of defects, for many years (sold in single or multi-packs, marketed and

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058 v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

packaged similarly to the later Duracell-branded models, and sometimes including complete, ready-to-use sets of DURACELL batteries). These compact <u>non-Duracell branded</u> LED flashlights were much cheaper, brighter and much more efficient than the previous generation of non-LED flashlights that used incandescent or halogen light bulbs (such as those made by **_Maglight_**, a trusted USA-based manufacturer and designer of flashlights, and sold through COSTCO for decades, prior to 2014) which drained batteries many times faster <u>when in use</u>, compared to the efficient new LED modules.

39. As a result of Defendants' knowing and calculated collaboration summarized above, the performance of Representative Plaintiffs' and class members' Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, was defective and fatally flawed, leaving Plaintiff class members with dead batteries and no light when they try to use them, often in emergency situations.

40. Representative Plaintiffs, on behalf of themselves and all members of each of the respective classes, seek damages, interest thereon, restitution, injunctive and other equitable relief, reasonable attorneys' fees and costs as a remedy for Defendants' numerous dangerous, unlawful and/or deceptive business practices, as detailed herein.

## **JURISDICTION AND VENUE**

41. Jurisdiction is proper in this Court due to the existence of federal questions of law and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs, and this is a class action in which members of the Nationwide plaintiff classes are citizens of many, if not all states. As Defendants and all of them do substantial business in California, supplemental jurisdiction to adjudicate issues pertaining to California state law is proper in this Court under 28 U.S.C. § 1367.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

13694058 v2

16

**THIRD AMENDED CLASS ACTION COMPLAINT**

42. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the Northern District of California is a district where Representative Plaintiff, and many similarly Plaintiff class members situated, purchased Defendants' defective products and thus where a substantial part of the events giving rise to the present claims under 28 U.S.C. §1406(a) occurred.

### **REPRESENTATIVE PLAINTIFFS**

43. Plaintiff STANLEY SIDDLE and MICHAEL LIPSON are adult residents in the State of California, referred to in this Complaint as the "Representative Plaintiffs." Prior to discovering the product defects summarized above, Representative Plaintiffs purchased Duracell-branded LED flashlights, model 350L, from COSTCO for personal use, including specifically for use in emergencies and natural disasters that are quite frequent in California, as advertised as being ideal for emergencies by the Defendants. These purchases were made within this judicial district, and as the purchasers and owners of these products, the Representative Plaintiffs were damaged by Defendants' conduct, as set forth herein.

44. Additionally, after discovering the defect in these Duracell-branded LED flashlights, Representative Plaintiffs reported, personally or had reported on their behalf, to DURACELL, TECHNOMATE, PRO-TEK and COSTCO in 2018 and 2019, the danger these defective flashlights posed for all consumers who had purchased them in reliance on the representations of reliability of the flashlights in emergency situations and the longevity of the Duracell batteries stored within these LED flashlights, to hold charge for emergency use, as well as the urgent need for a nationwide process through which consumers such as themselves could be compensated and/or have the flashlights replaced or repaired though a number of inexpensive, practical means. Responses to these notices were returned on "Technomate Manufactory" letterhead by Mike Shapiro from Pro-Tek Industries on June 14, 2018.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500
13694058 v2

17

**THIRD AMENDED CLASS ACTION COMPLAINT**

45. Furthermore, after having reported the parasitic battery drain in the defective Duracell-branded LED flashlights, in 2018 and March 2019, reasonably expecting Defendants to have taken corrective action to resolve the defect, and seeking to confirm whether Defendants had in fact taken corrective action to resolve the defect, Representative Plaintiffs purchased through their counsel on their behalves, on or about April 1, 2019, Duracell-branded LED model 350 flashlights.

46. Representative Plaintiffs are, and were at all times relevant herein, members of the National class.

47. Representative Plaintiffs bring this action on behalf of themselves, and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

48. Representative Plaintiffs properly installed the DURACELL batteries included within the flashlight packaging into each Duracell-branded flashlight, and confirmed initially that the flashlights appeared to perform as represented.  Plaintiffs then stored these flashlights at normal ambient room temperatures, each one switched OFF, with batteries installed and ready for use in the event of a future emergency or any other, ordinary utilization for the purpose of having efficient and powerful portable LED lighting.

49. To Representative Plaintiffs' surprise and dismay, within less than 30 days, he discovered that every one of the Duracell-branded LED flashlights he had purchased failed to turn on when he tried to use them.  Upon removal from the flashlights and further inspection, the DURACELL batteries from every one of these flashlights were completely drained.  Representative Plaintiffs confirmed that all the DURACELL batteries that had come packaged with the flashlights were in fact dead or nearly dead, even though

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500
13694058 v2

18

**THIRD AMENDED CLASS ACTION COMPLAINT**

Representative Plaintiffs never kept them turned on, other than for very short periods of time.

50. Quite perplexed by this outcome, and relying on Defendants' advertising on the Duracell-branded flashlight packaging, they purchased additional fresh DURACELL and/or Kirkland brand AAA alkaline batteries from COSTCO (sold in large multi-packs), which they then installed into each of the flashlights and stored them, as before, for future use.

51. However, just as the first time, Representative Plaintiffs discovered that again, approximately a month later, each and every one of the Duracell-branded LED flashlights failed to turn on and all of the installed batteries were dead or nearly dead upon testing.

52. Notably, prior to purchasing the Duracell-branded LED flashlights, Representative Plaintiffs had previously purchased and/or used similar LED flashlights, without the DURACELL brand name.  These LED flashlights were purchased from retailers including COSTCO and were of substantially similar design, build, appearance, functionality and packaging – but were not marketed under the DURACELL brand name.  Representative Plaintiffs still own and regularly use some of these non-Duracell brand LED flashlights to the present day, and all of these LED flashlights have performed normally, with DURACELL and/or other brand name batteries, including Costco's Kirkland brand, installed in them – always turning on and reliably providing powerful beams of light after multiple years of storage, with no evidence of battery drain.

53. Upon subsequently returning to COSTCO, Representative Plaintiffs examined the packaging of the Duracell-branded LED flashlight **model 380,** and at a later time **model 500,**

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

19

**THIRD AMENDED CLASS ACTION COMPLAINT**

and discovered that the packaging on these later Duracell-branded flashlights stated:

"*Eliminates power drain of batteries in off position*" and "*NO BATTERY DRAIN IN OFF POSITION*" – thus implicitly acknowledging the previous design and/or manufacturing defects, the feasibility of their resolution, and representing their correction.

## DEFENDANTS

54.   **THE DURACELL COMPANY**, also known as DURACELL, INC., is an American manufacturing company, with principal executive offices at 181 W. Madison Street, Suite 4400, in Chicago, Illinois (with subsidiaries in the United Kingdom (UK) and China), that produces batteries and smart power systems, with annual revenue in 2015 reportedly of $2 billion. DURACELL's arrangements for the manufacture and sale of the defective Duracell-branded LED flashlights, including the model 350L flashlights bearing date codes 1533, 1534 and 1535, far exceeded the passive role of merely licensing its trademark, to include retention of authority and exercise of control by DURACELL, as well as DURACELL's active engagement in the marketing of these defective products. DURACELL's active involvement and control is illustrated in its "*Corrective Action Plan for Defective Products and Product Recall Process*" (an apparently standard module in DURACELL's licensing agreements), incorporating DURACELL's involvement in the quality control process.  DURACELL's integrated involvement in the marketing and sale of the defective LED flashlights is illustrated in the co-packaging of DURACELL-manufactured batteries with the TECHNOMATE-manufactured flashlights; DURACELL's participation, review and approval of the product packaging (including the use of its trademark) -- with no references of any kind to TECHNOMATE, nor any disambiguation of *batteries* versus *flashlights* as having different actual manufacturers.  DURACELL's official *duracell.com* website's direct links to the marketing of the Duracell-branded flashlights and retail

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13694058 v2

20

**THIRD AMENDED CLASS ACTION COMPLAINT**

partners where they can be purchased, absent any disclosure of their manufacturer being anyone other than DURACELL;  and specific and extensive representations at the *duracellflashlights.com* website, deliberately disguising any distinction between DURACELL batteries and DURACELL flashlights, while making absolutely no mention, whatsoever, about the existence of TECHNOMATE, or it being the actual manufacturer of DURACELL-branded flashlights.[1]

55.

56. **COSTCO WHOLESALE CORPORATION**, headquartered at 999 Lakeside Drive in Issaquah, Washington, is an American multinational corporation operating a chain of membership-only warehouse clubs, trading as "COSTCO."  It is ranked #15 on the Fortune 500 rankings of the largest United States corporations by revenue. As of November 2018, COSTCO is the second largest retailer in the world after Walmart, operating 766 warehouses (including 533 in the United States and Puerto Rico, 100 in Canada, 39 in Mexico, 28 in the United Kingdom, 26 in japan, 15 in South Korea, 13 in Taiwan, 10 in Australia, 2 in Spain, 1 in Iceland, and 1 in France), with 2018 revenues of $141.6 billion.  COSTCO's participation in the distribution of these defective Duracell-branded flashlights far exceeded that of a mere passive retailer, beginning with its discussions in 2013 with DURACELL and TECHNOMATE about the manufacture of the Duracell-branded flashlights packaged with DURACELL batteries for COSTCO, and including COSTCO's active involvement in the design and creation of the packaging for the Duracell-branded flashlights and batteries, specifically identifying COSTCO as the Importer and Distributor of these products, with a product ID unique and specific to COSTCO, appearing in multiple

---

[1]  "**Dependability** is synonymous with the Duracell name. Since 1964, **people have counted on Duracell's** batteries and quality products to help power their lives and **make them feel safer and more secure**. **Duracell LED Flashlights are no exception**. Browse through our lineup of the best portable lighting products designed for durability and priced with value in mind."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058 v2

21

**THIRD AMENDED CLASS ACTION COMPLAINT**

languages with addresses in multiple countries, including the United States (Seattle, Washington), Canada, Mexico, the United Kingdom, Spain, Iceland, France, Japan, Korea, Taiwan and Australia.  Indeed, the packaging of these Duracell-branded flashlights sold through COSTCO's competitors, Home Depot and Amazon, further evidence COSTCO's significant involvement in the chain of design, marketing and distribution of the defective flashlights.

57.  **TECHNOMATE MANUFACTORY, LTD,** (referred to herein as TECHNOMATE) is a manufacturing company, headquartered at 13/F, Efficiency House, 35 Tai Yau Street, San Po Kong, Kowloon, Hong Kong, with manufacturing facilities located at No. 116, Shang Bei Road, Tian Tou Bei Chong Villiage, Heng Li Town, Dong Guan City, Guangdong, China, and operating in California as PRO-TEK INDUSTRIES, LLC.  TECHNOMATE identifies itself on its website as being "currently one of the biggest manufacturers of Aluminum LED flashlights in the industry."  TECHNOMATE partnered with DURACELL, COSTCO and PRO-TEK in creating the Duracell-branded flashlights' chain of marketing and distribution to Plaintiff and the class member consumers.  Despite failing to register with the California Secretary of State as doing business in California, TECHNOMATE represents itself to consumers on TECHNOMATE letterhead **_as_** PRO-TEK INDUSTRIES in California in response to consumer complaints sent _only_ to TECHNOMATE at its address in Hong Kong.

58.  **PRO-TEK INDUSTRIES, LLC.**'s California Secretary of State filings identify its principal office to be 5453 E. Centralia Street, Long Beach, California, whose agent for service of process is registered as Philip A. Toomey at 841 Apollo Street, Suite 450, El Segundo, California, 90245.  PRO-TEK participated in the design and creation of the packaging for the Duracell-branded flashlights and batteries, specifically identifying PRO-TEK's phone number as the "Customer Service for North America" for these Duracell-branded defective flashlights, and representing itself **_as_** TECHNOMATE on letterhead to U.S. consumers.

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058 v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

**59.** Notwithstanding Defendants' awareness of the parasitic battery drain defect in the Duracell-branded LED flashlights, Defendants conspired together and acted in concert with each other in their respective capacities, to proceed with the concept, design, manufacture, production, marketing, distribution and sales of the defective Duracell-branded LED flashlights to consumers, thereby violating the rights of Representative Plaintiffs and all putative class members by concealing this defect from consumers, to pocket the ill-gotten profits from their unfair business practices, as further detailed below.

## CLASS ACTION ALLEGATIONS

60.       Representative Plaintiffs bring this action pursuant to the provisions of Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following national class: "All retail consumers who resided in the United States and purchased Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, during the relevant claim period."

61. Defendants, their officers, directors and employees, as well as the Judge(s) assigned to this matter, the jury in this case and the members of their immediate families and Representative Plaintiffs' counsel's law firm(s) are excluded from this class.

62. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and membership in the proposed classes is easily ascertainable:

    a.  Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of class members is in the thousands of individuals. Membership in the

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

23

**THIRD AMENDED CLASS ACTION COMPLAINT**

class will be determined by analysis of Defendants' records;

b. <u>Commonality</u>: The Representative Plaintiffs and the class members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over questions and issues solely affecting individual members, including, but not necessarily limited to:

    i.  Whether Defendants had a duty to have disclosed to consumers the parasitic battery drain when the defective Duracell-branded LED model 350L flashlights (bearing date codes 1533, 1534 and/or 1535) are turned OFF;

    ii.  Whether Defendants failed to disclose or concealed material information concerning the parasitic battery drain when the defective Duracell-branded flashlights are turned OFF;

    iii.  Whether Defendants breached any express or implied warranties;

    iv.  Whether Defendants engaged in fraud;

    v.  Whether Defendants' conduct and business practices violate the Consumer Legal Remedies Act ("CLRA") California Civil Code §§1750, *et seq.*;

    vi.  Whether Defendants' conduct and business practices violate the Unfair Competition Law ("UCL") California Civil Code §§17200, *et seq.*;

    vii.  Whether Defendants' conduct and business practices constituted deceptive trade practices;

    viii.  The total number of Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 purchased by retail consumers during the relevant claim period;

    ix.  The total number of the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 sold to retail consumers in the

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13694058 v2

24

**THIRD AMENDED CLASS ACTION COMPLAINT**

United States by COSTCO;

x. The total number of the Duracell-branded LED model 350L flashlights models 250, 300bearing date codes 1533, 1534 and 350/or 1535 sold to retail consumers in the United States by DURACELL through its website;

xi. The total number of the Duracell-branded LED model 350L flashlights models 250, 300bearing date codes 1533, 1534 and 350/or 1535 sold to retail consumers in the United States by TECHNOMATE through its website;

xii. ;

xiii. The liability of each of the named Defendants for their participation in the chain of distribution, and the merits of any defenses to liability uniquely available to each named Defendant;

xiv. The profits realized from consumers' purchases of the defective Duracell-branded flashlights by each of the Defendants;

xv. Whether Representative Plaintiffs' and class members are entitled to relief, the amount and nature of such relief, including injunctive relief and/or restitution.

c. Typicality:  The Representative Plaintiffs' claims are typical of the claims of the class.  Representative Plaintiffs and all members of the class sustained economic damages arising out of and caused by Defendants' common course of conduct in violation of law, as alleged herein.

e. Adequacy of Representation: The Representative Plaintiffs in this class action are adequate representatives of the class in that the Representative Plaintiffs have the same interest in the litigation of this case as class members, are committed to

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058  v2

25

THIRD AMENDED CLASS ACTION COMPLAINT

vigorous prosecution of this case and have retained competent counsel who is experienced in conducting class action litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to other class members or the class in its entirety. The Representative Plaintiffs anticipates no management difficulties in this litigation.

Superiority of the Class Action procedure: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings that might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

63. Defendants collectively and individually each participated in causing the defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 to be designed, manufactured, co-packaged with DURACELL batteries, marketed, distributed and sold to retail consumers during the relevant claim period.

64. On information and belief, thousands of these defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, have been purchased by retail consumers in California and throughout the United States within the claim period.

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058 v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

65. Despite the reasonable expectations of consumers, including Representative Plaintiffs and Plaintiff putative class members, as detailed above, Defendants knew and/or should have known—and yet refused to timely disclose—that the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 were and are defective, including, but not limited to, defects in their design and manufacturing which cause(d) them to rapidly drain the batteries with power turned OFF.

66. Indeed, numerous consumers, including Plaintiff putative class members, experienced and/or reported the parasitic battery drain defect present in the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535.

67. Specifically, Defendants and each of them were put on notice through complaints made to their respective customer service departments, as well as public internet postings by consumers, including Plaintiff putative class members, describing the parasitic battery drain design and/or manufacturing defect in the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535.

## FIRST CLAIM FOR RELIEF
### FRAUD/FRAUDULENT CONCEALMENT

68. Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69. Representative Plaintiffs, on behalf of themselves and all purchasers of the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 as described herein, allege that Defendants each materially participated in the making of false statements of fact, specifically each concealing the material fact that these flashlights sold with the DURACELL batteries were not made by DURACELL but rather by a foreign licensee TECHNOMATE MANUFACTORY, LTD. with "customer support in North America" provided not by

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500

13694058 v2

27

**THIRD AMENDED CLASS ACTION COMPLAINT**

DURACELL, but by PRO-TEK  INDUSTRIES, LLC., in addition to the following affirmative

false representations by:

    a. THE DURACELL COMPANY, that Duracell-branded flashlights would be ready

       for use in an emergency, and knowingly concealing the material fact of the parasitic

       battery drain when the defective Duracell-branded LED flashlights were turned

       OFF;

    b. TECHNOMATE MANUFACTORY, LTD, that Duracell-branded flashlights

       "design makes it ideal for…emergencies," falsely representing that these flashlights

       would be ready for use in an emergency, and knowingly concealing the material

       fact of the parasitic battery drain when the defective Duracell-branded LED

       flashlights were turned OFF,

    c. COSTCO WHOLESALE CORPORATION, that Duracell-branded flashlights

       "design makes it ideal for…emergencies" falsely representing that these flashlights

       would be ready for use in an emergency, and knowingly concealing the material

       fact of the parasitic battery drain when the defective Duracell-branded LED

       flashlights were turned OFF,

    d. PRO-TEK INDUSTRIES, LLC., that Duracell-branded flashlights "design makes it

       ideal for…emergencies" falsely representing that these flashlights would be ready

       for use in an emergency.

70. Defendants and each of them individually knew that the concealment of the identity of the

actual manufacturer of the Duracell-branded flashlights was material to the consumer class

members, and that the foregoing affirmative statements were false at the time they made them

(because of the known parasitic battery drain defect present in these flashlights), that the

statements were made to induce the plaintiffs to purchase the defective flashlights and to induce

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

them to depend upon their reliability, and that Representative Plaintiffs and the Plaintiff putative class members were damaged when the defective flashlights did not work as described, and were all further damaged when they had to buy more and more DURACELL batteries to power these defective flashlights as they repeatedly fully drained Duracell (and/or other brand) batteries in 30 days or less.

71. Representative Plaintiffs, on behalf of all purchasers of Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, as described herein, allege that COSTCO made or displayed false statements of fact (i.e. that these flashlights would be ready in an emergency, as set forth above), that Defendants knew the statements were false because of the numerous complaints from consumers who had purchased the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 received from consumers directly by Defendants and/or as broadly posted on public internet sites,  that Defendants manufactured, distributed, marketed, and sold these defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, knowing they were indeed defective, and those actions were taken to induce the Representative Plaintiffs and all those similarly situated (the Plaintiff putative class members) to purchase these defective Duracell-branded flashlights, and to induce them to depend upon their reliability, and that Representative Plaintiffs and the Plaintiff putative class members were damaged when these defective flashlights did not work as described, as they repeatedly fully drained the flashlight batteries in 30 days or less.

72. At all relevant times herein, Defendants individually and collectively omitted the material facts as specifically set forth above and/or made the specific misrepresentations of material facts set forth above as to each named Defendant to the Representative Plaintiffs and Plaintiff putative class members regarding the true nature and scope of the parasitic battery drain inherent in the defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500
13694058 v2

29

**THIRD AMENDED CLASS ACTION COMPLAINT**

1535.  Defendants knew those material omissions and/or material misrepresentations of facts were false or misleading when nondisclosed or made.

73. Defendants knowingly concealed the material fact of the parasitic battery drain when the defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535 were turned OFF, and they continued to make the material misrepresentation of fact knowing that when stored inside the defective Duracell-branded LED flashlights with power turned OFF, the batteries would be fully depleted in 30 days or less.

74. Defendants made these misrepresentations of material facts and concealed the material facts alleged herein intentionally and/or recklessly, so as to induce reliance thereupon.

75. Representative Plaintiffs and Plaintiff putative class members would have acted differently had the falsity of the misrepresentations and/or omitted facts been disclosed to them.

76. As a direct and proximate result of Defendants' misrepresentation, concealment, and suppression of the foregoing material facts, Representative Plaintiffs and Plaintiff putative class members have sustained damage by purchasing replacement defective and/or non-defective Duracell LED flashlights with DURACELL batteries included.

77. The total amount of damages suffered by Representative Plaintiffs and Plaintiff putative class members will be proven at trial. Further, Representative Plaintiffs and Plaintiff putative class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

78. Finally, at all times herein mentioned, Defendants intended to cause or acted with reckless disregard of the probability of causing damage to Representative Plaintiffs and Plaintiff putative class members, and because Defendants are guilty of oppressive, fraudulent and/or malicious conduct, Representative Plaintiffs and Plaintiff putative class members are entitled to an award of exemplary or punitive damages against Defendants in an amount adequate to deter such conduct in

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058 v2

30

**THIRD AMENDED CLASS ACTION COMPLAINT**

the future.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT
### (California Civil Code §1750, *et seq.*)

(*against DURACELL, TECHNOMATE and COSTCO only*)

79. Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

80. This claim for relief is brought pursuant to the CLRA (the Consumer Legal Remedies Act, California Civil Code §§1750, *et al.).*  Representative Plaintiffs  are "consumers," as that term is defined by Civil Code §1761(d) because they bought the Duracell-branded LED model 350L flashlights models 250, 300bearing date codes 1533, 1534 and 350/or 1535, and replacement DURACELL batteries therefor, for personal, family, or household purposes.

81. Representative Plaintiffs have engaged in a "transaction" with these Defendants, as that term is defined by Civil Code §1761(e).

82. These Defendants' conduct constitutes an unfair method of competition and unfair and deceptive acts and practices under the CLRA, and were undertaken in transactions intended to result in, and which in fact resulted in, the sale of goods to consumers – namely, to repeatedly sell replacement DURACELL batteries to consumers who previously purchased the defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, and/or sell replacement flashlights for these defective flashlights (which in turn might have also been defective).

83. By engaging in the conduct alleged above, these Defendants violated California Civil Code §1770 by, *inter alia,* misrepresenting and concealing the nature and scope of the parasitic battery drain defect as Representative PlaintiffPlaintiffs bore the cost of multiple sets of replacement DURACELL batteries, and/or purchasing replacement flashlights, and/or otherwise incurred

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500
13694058 v2

31

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   damages.

2   84. By concealing the parasitic battery drain inherent in the defective Duracell-branded LED

3   flashlights from the Representative Plaintiffs and the Plaintiff putative class members, these

4   Defendants misrepresented that these LED flashlights therefore have particular characteristics,

5   uses and benefits or qualities, and are of a particular standard, quality or grade, in violation of

6   Civil Code § 1770.

7

8   85.

9   86.  Pursuant to §1782 of the CLRA, written notices were sent to each of these Defendants

10  regarding its violations of the CLRA, thereby providing these Defendants with an opportunity to

11  correct or otherwise rectify the problems alleged herein within 30 days of receipt of that notice.

12  Representative Plaintiffs, on behalf of themselves and the Plaintiff putative class, now seeksseeks
    this Court's Order requiring these Defendants to, *inter alia*:  (a) cease violating the CLRA by
13  modifying the defective Duracell-branded LED model 350L flashlights bearing date codes 1533,
    1534 and/or 1535 not yet sold to the consumers in a manner that prevents these flashlights from
14  suffering the parasitic battery drain issue when they are turned OFF,  (b) notify putative class
    members that the rapid parasitic battery drain in the previously purchased defective Duracell-
15  branded LED flashlights is the result of design and/or manufacturing defects, and  (c)
16  reimburseprovide putative class members for the purchase price of the defective Duracell-branded
    LED flashlights models 250, 300 and 350, and the cost of replacementwith new DURACELL
17  batteries for the defective Duracell-branded LED flashlights, free of charge, for the life of the
    affected flashlights, and (d) offer *replacement*or, in the alternative, replace these defective
18  Duracell-branded LED model 350L flashlights, bearing date codes 1533, 1534 and/or 1535 (or
19  their defective components, i.e end caps), such that consumers will no longer experience parasitic
    battery drain or be exposed to the danger of having their trusted-brand LED flashlights fail to turn
20  on and provide reliable light in the event of emergencies, such as natural disasters, which
21  DURACELL had promoted these products to be specifically ideally suited and purchased for.

                    **THIRD CLAIM FOR RELIEF**
22              **BREACH OF STATUTORY EXPRESS WARRANTY**
              **(Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*)**
23

24  87. Representative Plaintiffs incorporate in this cause of action every allegation of the

25  preceding paragraphs, with the same force and effect as though fully set forth herein.

26

27  88. Representative Plaintiffs and the Plaintiff putative class members are "consumers" within

28  the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301(3).

*Law Offices of*
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500
13694058  v2

**THIRD AMENDED CLASS ACTION COMPLAINT**

32

89. Defendants are each a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§2301(4)-(5).

90. The defective Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, are "consumer products" within the meaning of 15 U.S.C. §§2301(1).

91. Each of Defendant's warranties is a "written warranty" within the meaning of 15 U.S.C. §§2301(6).

92. Defendants breached the warranty by, *inter alia*, selling the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, with defective designs and/or defective manufacturing such that they would drain the batteries within 30 days or less while normally installed in the flashlights with power turned OFF.

93. Defendants' breach of warranty deprived Representative Plaintiffs and thousands of Plaintiff putative class members of the benefits of their bargains.

94. The amount in controversy in this action exceeds $50,000, exclusive of interest and costs.

95. There are more than 100 members each of the proposed classes/subclasses.

96. Defendants have had a reasonable opportunity to cure their breach of written warranty, and failed to do so.

97. As a direct and proximate result of Defendants' breach of express warranty, Representative Plaintiffs and the Plaintiff putative class members sustained damages and other losses in an amount to be determined at trial.

98. Further, Representative Plaintiffs and Plaintiff putative class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the court deems appropriate.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

99. Representative Plaintiffs incorporate in this cause of action every allegation of the

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

33

**THIRD AMENDED CLASS ACTION COMPLAINT**

preceding paragraphs, with the same force and effect as though fully set forth herein.

100.     Defendants warranted that each of the Duracell-branded LED model 350L flashlights bearing date codes 1533, 1534 and/or 1535, was free of defects when it sold these products to Representative Plaintiffs and class members.

101.     This warranty became part of the basis of the bargain.  Accordingly, Defendants' warranty is an express warranty.

102.     Defendants breached this warranty by, *inter alia*, knowingly concealing the material fact of the parasitic battery drain in the defective Duracell-branded LED flashlights when they are stored under normal conditions with power turned OFF.

103.     Defendants were on notice of the defects *vis-à-vis* direct complaints from Plaintiff putative class members, the internet message boards and product support forums maintained by Defendants, and from published product reviews on countless websites.

104.      As a direct and proximate result of Defendants' breach of express warranty, Representative Plaintiffs and Plaintiff putative class members sustained damages and losses in an amount to be determined at trial.  Further, Representative Plaintiffs and Plaintiff putative class members are entitled to and hereby seek rescission, interest, costs of suit, attorneys' fees and/or other relief the Court deems appropriate.

FIFTH CLAIM FOR RELIEF
UNFAIR BUSINESS PRACTICES PURSUANT TO THE UNFAIR COMPETITION ACT

105.     Representative Plaintiffs incorporate in this cause of action every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

106.     Representative Plaintiffs bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendants, as complained of herein, and seeking restitution from Defendants for the unfair, unlawful and fraudulent business practices described herein.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
Alameda, California 94501
(510) 841-5500
13694058 v2

34

**THIRD AMENDED CLASS ACTION COMPLAINT**

107.     The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208 (the "UCL"). Such violations include, but are not necessarily limited to fraudulent and deceitful conduct and violations of California Civil Code §§ 1709-1711 and the Consumer Legal Remedies Act, California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

108.     Defendants' knowing violations of the UCL continue to this day.

109.     Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208

110.     By engaging in these unlawful business practices, Defendants have enjoyed an advantage over their competition and a resultant disadvantage to the public  for the entire four-year claim period set forth in Business & Professions Code §17208.

111.     Defendants' knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

112.     Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiffs herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

113.     Representative Plaintiffs request that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing these unfair, unlawful, and/or deceptive

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

13694058 v2

35

THIRD AMENDED CLASS ACTION COMPLAINT

1  practices and to restore to Representative Plaintiffs any money Defendants acquired by unfair

2  competition, including restitution and/or restitutionary disgorgement, as provided in California

3  Business & Professions Code § 17200, *et seq.*; and for such other relief set forth below.

4

5  ## REQUEST FOR RELIEF

6  **WHEREFORE,** the Representative Plaintiffs, on behalf of themselves and each member of the

7  proposed nationwide class, respectfully requests that this Court enter judgment in Plaintiffs' favor

8  and for the following specific relief against Defendants, and each of them, jointly and separately,

9  as follows:

10

11      1. That the Court declare, adjudge, and decree that this action is a proper class action

12  and certify the proposed class and/or any other appropriate subclasses under F.R.C.P. Rule 23

13  (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiffs' counsel as Class

14  Counsel;

15      2. For an award to Representative Plaintiffs and members of both classes of compensatory

16  and special damages in an amount to be proven at trial;

17      3. That Defendants be found to have made negligent misrepresentations and/or material

18  omissions of fact to the Representative Plaintiffs and members of both classes;

19

20      4. That the Court enjoin Defendants, ordering them to cease and desist from unlawful

21  activities in further violation of California Business and Professions Code § 17200, *et seq.;*

22      4. For equitable relief enjoining Defendants from engaging in the wrongful conduct alleged

23  herein;

24      5. For interest on the amount of any and all economic losses, at the prevailing legal rate;

25      6. For an award of punitive and/or exemplary damages, in an amount sufficient to deter

26  such conduct in the future;

27      7. For an award of reasonable attorneys' fees;

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500
13694058 v2

36

**THIRD AMENDED CLASS ACTION COMPLAINT**

8. For costs of suit and any and all other such relief as the Court deems just and proper;

9. For all other Orders, findings, and determinations identified and sought in this Complaint.

## JURY DEMAND

Representative Plaintiffs and members of each of the Plaintiff classes hereby demand trial by jury on all issues triable of right by jury.

Respectfully submitted,

DATED:  August  20, 2020          By:

TIMOTHY P. RUMBERGER, Esq.
Law Offices of Timothy P. Rumberger Law
Counsel for Representative Plaintiffs
and Class Counsel for all putative Class Members

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**
13694058 v2

37

**THIRD AMENDED CLASS ACTION COMPLAINT**