1  Timothy P. Rumberger, Esq. California State Bar #145984
   **LAW OFFICES OF TIMOTHY P. RUMBERGER**
2  1339 Bay Street, Alameda, California 94501
   Phone: (510)841-5500; Fax: (510)521-9700
3  e-mail: tim@rumbergerlaw.com

4  Attorneys for the Representative Plaintiffs
   And the Plaintiff Class

5

6

7

8

9

10                     **UNITED STATES DISTRICT COURT**

11      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12

13  STANLEY F. SIDDLE and MICHAEL E.          )   **Case No.  4:19-cv-00568-JD (LB)**
    LIPSON, individually and on behalf of all those )
14  similarly situated,                        )   NOTICE OF UNOPPOSED MOTION
                                               )   AND UNOPPOSED MOTION FOR
15            Plaintiffs,                       )   ORDER:
                                               )   (1)  GRANTING PRELIMINARY
16  v.                                          )   APPROVAL OF CLASS ACTION
                                               )   SETTLEMENT;
17  THE DURACELL COMPANY,                       )   (2)  APPOINTING CLASS COUNSEL
    COSTCO WHOLESALE CORPORATION,               )   AND CLASS REPRESENTATIVES;
18  TECHNOMATE MANUFACTORY, LTD.,               )   (3)  APPOINTING SETTLEMENT
    PRO-TEK INDUSTRIES, LLC.                    )   ADMINISTRATOR;
19                                              )   (4)  APPROVING CLASS NOTICE
              Defendants,                       )
20  _____ )
                                                   Judge:  Hon. James Donato
21                                                 Time:   10:00 a.m.
                                                   Date:    September 24, 2020
22                                                 Location Courtroom 11, 19th floor

23

24

25

26

27

28

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ……………………………………………… iv

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      INTRODUCTION AND SUMMARY OF THE CASE……..………………………….. 1

II.     BACKGROUND ……………………………………………………………… 1

        A. Factual Background ……………………………………………………….... 1

        B. Procedural Background ……………………………………………………… 3

        C. Informal Discovery and Settlement Conference ……………………………….. 4

        D. The Settlement Class ……………………………………………………… 4

        E. Proposed Notice Plan ……………………………………………………… 5

III.    THE PROPOSED SETTLEMENT …………………………………………….... 6

IV.     ARGUMENT …………………………………………………………………… 6

        A. Certification of the Rule 23 Class Is Proper ……………………………………. 7

            1.  Rule 23(a) Is Satisfied ……………………………………………………. 7

            2.  Certification Is Proper Under Rule 23(b)(3) ……………………………….. 8

            3.  Class Counsel Should Be Appointed …………………………………… 9

        B. Preliminary Approval Should Be Granted …………………………………… 9

            1.  Plaintiffs' Case Faced Significant Hurdles and Risk …………………………… 10

            2.  The Settlement Amount is Appropriate …………………………………… 11

            3.  The Parties Made an Informed Decision to Settle ……………………………… 12

        C. The Proposed Notice id Clear and Adequate ………………………………….. 13

        D. Class Counsel Will Apply Separately for Attorneys' Fees, Costs, Service Awards … 13

        E. *Cy Pres* Recipient ………………………………………………………… 14

        F. CAFA Notice ……………………………………………………………… 14

V.      SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE ……………… 15

VI.     CONCLUSION…………………………………………………………..……15

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

ii

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

# TABLE OF AUTHORITIES

**FEDERAL STATUTES**

15 U.S.C. §2301, *et seq.* Magnuson-Moss Warranty Act ……………………………………… 2, 11

18 U.S.C. §1715 ……………………………………………………………………... 14, 15

**FEDERAL RULES OF CIVIL PROCEDURE**

Rules 23(a) …………………………………………………………………………….. 7

Rule 23(b) ……………………………………………………………………………… 8

Rule 23(c) ……………………………………………………………………………. 13

Rule 23(e) ……………………………………………………………………… … 9, 13

Rule 23(g) …………………………………………………………………………... 8

Rule 26(f) ……………………………………………………………………….. 4

**CALIFORNIA STATUTES**

Business and Professions Code §17200, et seq. Unfair Competition Law ……………………… 2

Civil Code §1750 Consumer Legal Remedies Act ……………………………………………... 2

Commercial Code §2607(3)(A) ……………………………………………………… 11

**FEDERAL CASE AUTHORITY**

*Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013) ……………………………… 7

*Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988) ……………………… 12

*Betancourt v. Advantage Human Resourcing, Inc.*, No. 14 Civ. 01788,
    2016 WL 344532, at *4 (N.D. Cal. Jan. 28, 2016) ……………………………………... 10

*Carlson v. The Gillette Co.*, No. CV 14-14201, 2015 WL 6453147 (D. Mass. Oct. 23, 2015) … 11

*Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) ……………………………… 11

*Fernandez v. Victoria Secret Stores, LLC*, No. 06 Civ. 04149,
    2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008) …………………………………… 10

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1988) ……………………………………. 7, 10

*In Re: Heritage Bond Litig.*, No. 02 ML 1475,
    2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005) …………………………………. 12

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561-66 (9th Cir. 2019) ………………… 8

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

iii

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

*Jordan v. L.A. Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982) ……………………………………… 7

*Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ……………………………….. 8

*In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 581 & n.5 (E.D. Pa. 2003) ……………. 12

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) …………………….. 12

*McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) ………………… 11

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ……………………… 12, 13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ……... 10

*Officers for Justice v. Civil Service Comm'n,* 688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . 13

*Pacheo v. JP Morgan Chase Bank, N.A.*, No. 15 Civ. 05689,
    2017 WL 3335844, at *2 (N.D. Cal. Aug. 4, 2017). ……………………………………... 6, 9, 10

*In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997) ………………… 10

*Powers v. Eichen,* 229 F.3d. 1249, 1256 (9th Cir. 2000) …………………………………….. 14

*Punian v. Gillette Co.*, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) …………………………. 11

*Schofield v. Delta Air Lines, Inc.*, No. 18-cv-00382-EMC,
    2019 U.S. Dist. LEXIS 31535, at *16 (N.D. Cal. Feb. 27, 2019) ……………………………. 12

*Tierno v. Rite Aid Corp.*, No. 05 Civ. 02520,
    2006 WL 2535056, at *11 (N.D. Cal. Aug. 31, 2006) …………………………………………… 8

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ………………………………... 8

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*,
    MDL No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 148374,
    2017 WL 2212783, at *16 (N.D. Cal. May 17, 2017) ……………………………….............. 13

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ………………………………………. 7

*Whiteway v. FedEx Kinko's Office & Print Servs.*, No. 05 Civ. 2320,
    2006 WL 2642528, at *6 (N.D. Cal. Sept. 14, 2006) ……………………………………… 7

**CALIFORNIA CASE AUTHORITY**

*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ……………………………………… 11

**ACADEMIC AUTHORITY**

*Manual for Complex Litigation* §21.63 …………………………………………………………..15

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO THE COURT** and ALL PARTIES, in the above-entitled action and attorneys of record herein:

**PLEASE TAKE NOTICE** that on September 24, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 11, on the 19th floor of the above entitled Court located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable James Donato, Judge of the United States District Court, Northern District of California, all Defendants and Representative Plaintiffs will, and hereby do, move this Court for the following relief with respect to the Class Action Settlement Agreement (Attached as Exhibit 1 to the Declaration of Timothy P. Rumberger in Support of Joint Motion For Preliminary Approval ("TPR Decl.")):

1) that the Court certify, for settlement purposes only, a settlement class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3);

2) that the Court Appoint Plaintiffs STANLEY SIDDLE and MICHAEL E. LIPSON as class representatives for the Settlement Class;

3) that the Court appoint The Law Offices of Timothy P. Rumberger as class counsel;

4) that the Court grant preliminary approval of the Settlement;

5) that the Court approve the distribution of Class Notice to Class Members;

6) that the Court Appoint POSTLETHWAITE & NETTERVILLE ("P&N"), as the Settlement Administrator; and

7) that the Court schedule a hearing for final approval of the Settlement.

This Motion is made on behalf of all parties to this litigation, and based on the following Memorandum of Points and Authorities, the accompanying declarations of counsel, the exhibits attached thereto, the Court's record of this action;  the oral and documentary evidence presented at the hearing on the motion by counsel, and all matters of which the Court may take judicial notice.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

v

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1

2

### MEMORANDUM OF POINTS AND AUTHORITIES

3

#### I.   INTRODUCTION

4

Plaintiffs Stanley Siddle and Michael Lipson ("Plaintiffs")[1] and Defendant Technomate

5

Manufactory, LTD., The Duracell Company ("Duracell"), Costco Wholesale Corporation

6

("Costco") and Pro-Tek Industries, LLC ("Pre-Tek") (collectively, the "Parties"), have executed a

7

Settlement of the Claims of Plaintiffs and a class of 192,000 purchasers of Duracell-branded LED

8

flashlights manufactured by Technomate. *See* Settlement Agreement ("Settlement"), Ex. 1 to the

9

Declaration of Timothy Rumberger in Support of Motion for Preliminary Approval ("TPR Decl.")

10

The Settlement provides a common fund of $2.2 million for: 1) the distribution to the Class

11

of cash payments; 2) Plaintiffs' attorney's fees, costs, and incentive awards as ordered by the

12

Court; and 3) settlement notice and administration costs. Class Members will receive payments on

13

a pro-rata basis likely between $6 and $8 per package of Class Flashlights purchased. Because the

14

Flashlights were sold through Costco, business records are available to provide direct notice to the

15

vast majority of Class Members, and automatic payments will be made to over 70-95% of Class

16

Members without requiring those Class Members to file a claim. P&N Decl.¶21.

17

Plaintiffs and their counsel believe the recovery by each Class Member makes this

18

Settlement an outstanding result, particularly given the major risks faced on liability and damages.

19

The Class should be certified and the Settlement preliminarily approved as fair, reasonable, and

20

adequate. The Settlement is the product of arm's-length negotiations, through the assistance of

21

Magistrate Judge Laurel Beeler, and falls well within the range of reasonableness. The Proposed

22

Notice Plan gives Class Members the best Notice practicable under the circumstances and full and

23

fair opportunity to evaluate the Settlement before deciding whether to participate.

#### II.   BACKGROUND

24

##### A.   Factual Background

25

This case is a putative class action brought on behalf of all Costco-member consumers who

26

purchased Duracell-branded LED flashlights, manufactured by Duracell licensee Technomate

27

28

---

[1] Unless noted otherwise, capitalized terms have the same meaning as in the proposed Settlement Agreement.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

1

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

Manufactory, packaged with Duracell batteries included, marketed in collaboration with and distribution by Duracell's retail partner Costco, within four years of the date this action was initially filed, January 31, 2019.  A fourth Defendant, Pro-Tek provides customer service for the Flashlights. The Flashlights were sold in packages of three, which packages also included twelve Duracell AAA batteries. The Flashlights sold at a regular retail price of $19.99 and sometimes were offered with a $5 discount. The average price paid by Class Members is approximately $16.19.  The operative Third Amended Complaint ("3AC") alleges that the model 350L Flashlights bearing date codes 1533, 1534 and/or 1535 are defective because they drain batteries in less than 30 days when turned OFF.  Plaintiffs allege claims for relief arising from alleged misrepresentation and omission of material facts on Flashlight packaging, as well as breach of express warranty, *i.e.* fraud/fraudulent concealment, violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq*., California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750 *et seq*., and breach of express warranty under California law and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C §2301, *et seq*.

Technomate conducted a thorough investigation of the allegations and determined the alleged defect resulted from a manufacturing anomaly during the assembly process of the flashlight endcap that had the potential to cause a wire on the electronic control board ("ECB") to break, resulting in the Flashlights having the potential to draw a higher off-current than normal. These Flashlights bear end-cap date-code designations 1533, 1534 and 1535, were manufactured by Technomate between August 12, 2015 and August 29, 2015, and were sold by Costco.  While there were approximately 192,000 Duracell-branded "Durabeam Ultra" model 350-4AAA LED flashlights produced and sold during this time frame, Technomate maintains that not all of these flashlights are defective.  These flashlights only have a *potential* for the defect to have manifested during the assembly process.  If the defect did not arise during assembly, it would not arise later (*i.e.*, it is not a latent defect capable of arising in the future).  Once identified, Technomate claims to have prevented the anomaly from reoccurring by making modifications to the layout of the printed circuit board and utilizing more robust electronic components on the ECB.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

2

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Costco maintains records of customer purchases, by member, identifiable by date and amount paid.  As such, the start date of the Class Period can be readily identified.  After the defect was identified and remedied, however, the Costco item number did not change for shipments of later versions of the flashlights that did not include the defect (and therefore are excluded from the Settlement).  As a result, identifying every purchaser of Flashlights through Costco's records is over-inclusive. However, using the data available, the Parties and Settlement Administrator have identified the pool of potential Class Members such that Notice and Relief may be efficiently and comprehensively provided to the entire Class.

Class Members will be comprised of Automatic Payment Recipients and Claiming Recipients. As defined in the Settlement Agreement, Automatic Payment Recipients are Class Members whose purchase of Flashlights occurred on or before October 23, 2015 as reflected in Costco's records. Automatic Payment Recipients will receive a Settlement Payment without the need to submit a Claim Form. Claiming Recipients are Class Members who are not Automatic Payment Recipients and who submit an Authorized Claim consistent with the claims process and whose purchase of Flashlights on or before October 23, 2015 is reflected in Costco's records.

### B.     Procedural Background

Plaintiff Stanley Siddle ("Siddle") and former plaintiff Jef Meeks ("Meeks") filed the original complaint on January 31, 2019. Dkt.# 1. Siddle provided additional details about his Flashlight purchases in his "Venue Declaration" filed March 11, 2019. Dkt.# 15. While motions to dismiss were pending, Siddle filed the First Amended Complaint, adding as defendants Pro-Tek, and Technomate. Dkt.# 35. Plaintiff Meeks also voluntarily dismissed himself from the litigation. Dkt. # 34. Defendants each filed separate motions to dismiss, which the Court heard on September 12, 2019. The Court denied Duracell's motion to dismiss, granted the motions of Pro-Tek, P&G, and Costco with leave to amend, and took Technomate's motion to dismiss for lack of personal jurisdiction under submission. Dkt.# 81. On September 25, 2019, the Court referred this action to Magistrate Judge Laurel Beeler to conduct a settlement conference.  Dkt. # 82.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

3

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

On October 10, 2019, Plaintiffs Stanley Siddle and Michael Lipson ("Plaintiffs") filed the Second Amended Complaint ("2AC"), again naming Duracell, Costco, Technomate, and Pro-Tek as defendants. Dkt.# 90. On October 28, 2019, the Parties stipulated to extend the time to respond to the 2AC until February 7, 2020, and to delay discovery until thirty days after the Parties' Rule 26(f) conference. Dkt.# 91. On January 27, 2020 the Parties stipulated to extend the time to respond to the 2AC until May 7, 2020. Dkt.# 96.  On May 4, 2020, the Parties stipulated to extend the time to respond to the 2AC until June 22, 2020.  Dkt. # 98.  On June 15, 2020, the Parties stipulated to extend the time to respond to the 2AC until August 6, 2020.  Dkt. # 99. And on August 4, 2020, the Parties stipulated to extend the time to to respond to the 2AC until September 5, 2020. Dkt. #101.  These continuances facilitated negotiation of Settlement Agreement details.

### C.      Informal Discovery and Settlement Conference

The Parties informally exchanged discovery in advance of a settlement conference before Magistrate Judge Laurel Beeler. TPR Decl. ¶8.  The discovery exchanged included testing results and engineering schematics from Technomate, licensing information from Duracell, and sales data from Costco. *Id.* ¶8. In advance of the mediation the Parties exchanged comprehensive settlement conference statements at the direction of Judge Beeler. On January 14, 2020, following a year of litigation, the parties participated in a formal settlement negotiation with the Honorable Judge Beeler, during an all-day Settlement Conference, with the participation of both the Plaintiffs, Plaintiffs' counsel, as well as counsel and client representatives from all Defendants. Dkt.# 94

### D.      The Settlement Class

The Parties have agreed to ask the Court to certify for settlement purposes a Class defined as "All persons in the United States who purchased a three-pack of Duracell 350L flashlights bearing the date code 1533, 1534, or 1535 on the flashlight end cap." Settlement ¶ 2.34. This definition, while narrower than the definition proffered in the 2AC, is tailored to the alleged defect in the Flashlights.  The Settlement Class excludes all person in the United States who have received three Replacement Flashlights from Pro-Tek. Also excluded from the Settlement Class is any individual who timely and validly opts out of the Settlement Class, as well as any retailers,

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

4

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

wholesalers, and other individuals or entities that purchased the Class Flashlights for resale, as well as Defendants' current and former officers and directors, members of the immediate families of Defendants' officers and directors, legal representatives, and the judicial officers to whom this Action is assigned. Also excluded from the Settlement Class are any individuals to whom the Notice disseminated was returned undeliverable ("RUM") by mail to the Settlement Administrator *and* for whom there is no valid address, after reasonable efforts including skip tracing have been employed to acquire a valid current physical address and/or email address, and in the absence of a Claim being otherwise received from such individuals by the Administrator.

Costco sold approximately 192,000 units (a unit is one package of three flashlights) of Class Flashlights. Most households purchased just one unit. TPR Decl. ¶21. Due to the inability to identify a precise date by which all of the Flashlights at issue were sold, the Settlement Administrator has been informed that Costco's sales data indicates that approximately 193,000 individual households should be noticed in order to reach the highest number of Class members. Postlethwaite & Netterville ("P&N") Decl. ¶10.

### E.    Proposed Notice Plan

The proposed Notice Plan incorporates well-established best practices, and provides clear information of the Settlement terms, the Fairness Hearing, Class Members' rights to object to or opt out of the Settlement, and the request for attorneys' fees and costs. Settlement §6. The Settlement Administrator, P&N, is a leading class action settlement administration firm selected by the Parties to provide settlement notice and administration. P&N Director of Notice, Brandon Schwartz, attests to the quality of the Notice Plan, which is expected to reach 70%-95% of Class Members. P&N Decl. ¶21.

The Proposed Notice Plan has the following key components:

1.    Email service of Class Notice to at least 47% of Class Members, and U.S. mail service to the remainder, as well as to any Class Member to whom email returns undeliverable; (P&N decl.¶13)

2.    The creation and maintaining of a settlement website, www.flashlightsettlement.com, that will provide information about the Settlement, provide for download of Settlement-related pleadings,

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

5

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

allow claims to be submitted online by Claiming Recipients, and provide a method for Class Members to opt-out of the Settlement;

3. Long Form Notice, available online on the settlement website and by request, that contains all of the necessary Settlement and procedural information;

4. A toll-free telephone line provided by the Settlement Administrator that provides general information about the Settlement.

The Settlement Administrator was chosen jointly by the Parties following the evaluation of multiple bids. Counsel for Technomate developed key assumptions based on customer data from Costco, reached out to 4 separate settlement administrators, held conference calls, and reviewed each bid. Ludwig, decl.¶¶3-6. The methods of notice and claims payments were consistent across all bids based on the key assumptions. *Id*. P&N bid/estimated cost of $162,550. (P&N decl.21) Class Counsel has had no engagements with P&N in the last two years. TPR Decl. ¶ 40.

## III.    THE PROPOSED SETTLEMENT

The Settlement provides for a common fund of $2.2 million, to be funded solely by Technomate. Settlement §7. The Settlement Fund will be used to pay the cost of notice and settlement administration, the Court's award of Class Counsel's fees and costs, any incentive awards, and Settlement Payments. *Id.* The Settlement will provide substantial monetary relief to 192,000 Class Members who purchased Flashlights. Adjusting for the cost of administration and notice, Plaintiffs' attorney's fees and costs, Plaintiffs estimate a Settlement Payment of $6-$8 per Authorized Claim. There is no reversion to any of Defendants. Any unclaimed funds remaining in the Settlement Fund will be distributed to a *cy pres* recipient. *Id*. ¶ 7.3.

## IV.    ARGUMENT

"Rule 23(e) directs the Court to examine the proposed settlement and make a preliminary finding of fairness," with courts applying a strong judicial policy in favor of class settlements. *Pacheo v. JP Morgan Chase Bank, N.A.*, No. 15 Civ. 05689, 2017 WL 3335844, at *2 (N.D. Cal. Aug. 4, 2017). When a class has not yet been certified, courts will conditionally certify a class based on Rule 23's standards, grant preliminary approval, and authorize notice to the class if "the proposed settlement (1) appears to be the product of serious, informed, noncollusive negotiations,

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

6

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

(2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class

representatives or segments of the class, and (4) falls with the range of possible approval." *Id.*

### A.    Certification of the Rule 23 Class Is Proper

The proposed Settlement Class should be certified under Rule 23(a) and Rule 23(b)(3).

#### 1.    <u>Rue 23(a) Is Satisfied.</u>

First, numerosity is met, as joinder of approximately 192,000 Class Members would be

impractical. Fed. R. Civ. P. 23(a)(1); *see Jordan v. L.A. Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982).

Second, commonality is met as "there are questions of law or fact common to the class."

Fed. R. Civ. P. 23(a)(2). Commonality focuses on whether there are common issues of fact or law

among class members and whether a class action will "generate common answers apt to drive the

resolution of the litigation." *Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957 (9th Cir. 2013)

(quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here, the many common

questions include whether the Class Flashlights are defective, and whether material information

was uniformly omitted at the point of purchase.

Third, Plaintiffs' claims are typical, as they challenge the same uniform practices and allege

to have suffered the same injury as the Class: whether the Class Flashlights are defective. *See* Fed.

R. Civ. P. 23(a)(3); *Whiteway v. FedEx Kinko's Office & Print Servs.*, No. 05 Civ. 2320, 2006 WL

2642528, at *6 (N.D. Cal. Sept. 14, 2006) (typicality "focuses on the similarity between the lead

plaintiff's legal theories and those of the people he or she purports to represent.").

Fourth, Plaintiffs have fairly and adequately protected the interests of the Class and will

continue to do so. Fed. R. Civ. P. 23(a)(4). Adequacy is met where a class representative: (1) has

common, and not antagonistic, interests with the class members, and (2) will vigorously prosecute

the class' interests through qualified counsel. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th

Cir. 1998). Plaintiffs, purchasers of Duracell-branded flashlights manufactured by Technomate,

share the same interest as the Class in seeing that Flashlight purchasers receive relief for battery

drain issues they may have experienced with their Flashlights. Plaintiffs are also represented by

competent counsel with experience representing plaintiffs in class litigation. TPR Decl. ¶12.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

7

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.        Certification Is Proper Under Rule 23(b)(3)

Rule 23(b)(3) requires that common questions "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Both standards are met. The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). Thus, "[w]hen one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages." *Id*. Here, common issues predominate, as nearly all the central issues are common to the Class and can be proven with common, aggregation-enabling evidence and legal arguments. Plaintiffs and the Class Members purchased the same Flashlights that were manufactured with the same components and using the same techniques. Moreover, the "amount of damages . . . does not defeat class action treatment." *Leyva v. Medline Indus. Inc*., 716 F.3d 510, 514 (9th Cir. 2013); *accord Tyson Foods*, 136 S. Ct. at 1045.  Further, the nationwide nature of this class is appropriate for settlement purposes.  *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561-66 (9th Cir. 2019)

Superiority rests on factors like individual class members' desire to bring individual actions and the utility of concentrating the litigation in one forum. Fed. R. Civ. P. 23(b)(3). Here, "there is no indication[] that class members seek to individually control their cases, that individual litigation is already pending in other forums, or that this particular forum is undesirable for any reason." *Tierno v. Rite Aid Corp.*, No. 05 Civ. 02520, 2006 WL 2535056, at *11 (N.D. Cal. Aug. 31, 2006). Individual Class Members likely lack the resources to secure experienced, qualified counsel to prosecute their cases individually, or the desire to individually prosecute their cases given the modest value of individual claims. *See* TPR Decl. ¶30. Plaintiffs are unaware of any prior or pending litigation that raises the same claims as this case. And it is desirable to concentrate the litigation in a single forum with a single ruling, Fed. R. Civ. P. 23(b)(3)(C). A

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

8

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1    class action will achieve economies of scale for the Class, conserve judicial resources, avoid

2    repetitive proceedings, and prevent inconsistent adjudications.

3         While the 2AC sought to include all purchasers of Duracell-branded Flashlight models 250,

4    300 and 350, the 3AC proposes to certify a national class of all retail consumers who purchased

5    Duracell-branded flashlight models 350L from Costco with the date code 1533,1534, or 1535. The

6    reason for the difference in the class definitions is that investigation of the allegations revealed that

7    only a limited number of early-production 350 models had the potential to drain batteries.

8         The release effected by this Settlement is limited to the Class Members who purchased the

9    192,000 Flashlights and do not opt out.  No other claims otherwise alleged in the prior complaints

10    are waived or released by the Class Members through this proposed Settlement. Settlement §10.

### 3.     Class Counsel Should Be Appointed

12        The Court should appoint the Law Office of Timothy P. Rumberger as Class Counsel

13    under Rule 23(g). Adequacy of class counsel depends on: (1) work performed on the matter, (2)

14    experience, (3) knowledge of the law, and (4) resources counsel can commit. Fed. R. Civ. P.

15    23(g)(1)(A). Class Counsel satisfy these criteria. TPR Decl. ¶¶12-14. Plaintiffs' counsel Timothy

16    Rumberger, having 30 years of practice, litigating numerous class action cases in federal and

17    California courts, has successfully shepherded numerous cases through mediation and settlement

18    at both the state and federal level, including this current litigation, and respectfully requests the

19    Court's appointment as Class Counsel for the proposed Class for purposes of settlement here.

### B.     Preliminary Approval Should Be Granted

21        The Settlement satisfies preliminary approval standards, *Pacheo*, 2017 WL 3335844, at *2,

22    and Rule 23(e) standards that a settlement be "fair, reasonable, and adequate," Fed.R.Civ.P. 23(e).

23    First, the Settlement resulted from "serious, informed noncollusive negotiations." *Pacheo*, 2017

24    WL 3335844, at *2. The Parties, represented by experienced counsel, engaged in the informal

25    discovery needed to assess Defendants' potential liability, and they undertook hard-fought

26    negotiations culminating in a full-day settlement conference with Magistrate Judge Laurel Beeler

27    and weeks of negotiations over a final agreement. TPR Decl. ¶¶8-10. A settlement reached "in

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

9

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

good faith after a well-informed arms-length negotiation" is presumed to be fair, *Fernandez v. Victoria Secret Stores, LLC*, No. 06 Civ. 04149, 2008 WL 8150856, at *4 (C.D. Cal. July 21, 2008), and "'[g]reat weight' is accorded to the recommendation of counsel," *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (quoting *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)).

Second, the Settlement has no obvious deficiencies and does not provide preferential treatment to any segment of the Class. *Pacheo*, 2017 WL 3335844, at *2. It provides substantial relief to Class Members with Authorized Claims in the form of automatic cash payments to the overwhelming majority of Class Members in the range of $6 to $8 per package of Flashlights.

Finally, the Settlement "falls with the range of possible approval," as it provides outstanding relief to the Settlement Class when considering the major risks of litigation.  In assessing this factor, courts consider the factors that are considered in greater detail at the final approval stage, such as: (1) "the strength of the plaintiffs' case," "the risk, expense, complexity, and likely duration of further litigation," and "the risk of maintaining class action status throughout the trial," (2) "the amount offered in settlement," (3) "the extent of discovery completed and the stage of the proceedings," and (4) "the experience and views of counsel." *Hanlon*, 150 F.3d at 1026.

### 1.    <u>Plaintiffs' Case Faced Significant Hurdles and Risk</u>

"Approval of a class settlement is appropriate when there are significant barriers plaintiffs must overcome in making their case." *Betancourt v. Advantage Human Resourcing, Inc.*, No. 14 Civ. 01788, 2016 WL 344532, at *4 (N.D. Cal. Jan. 28, 2016). Plaintiffs face substantial obstacles on liability and damages in this action.  First, this Court had dismissed all of Plaintiffs claims against Costco and Pro-Tek, and this Court's jurisdiction over Technomate is at issue. Therefore, the number of viable defendants from which recovery could be sought was uncertain.

Second, Defendants would challenge the merits of Plaintiffs' claims throughout the course of litigation.  For instance, Defendants would have disputed reliance on any statements made with respect to the Flashlights as well as any alleged injury to confer standing to bring a claim. "In order to establish UCL standing, plaintiffs must not only show economic injury, but must also

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

10

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

show that the 'injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim.'" *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322, 120 Cal. Rptr. 3d 741, 750, 246 P.3d 877, 885 (2011)).  Moreover, Defendants intended to--if this case were to be litigated--establish that the Flashlights at issue had no written warranty under the MMWA and that pre-suit notice was not properly effectuated. *See* 15 U.S.C. 2301(6)(A); Cal. Com. Code §2607(3)(A). Furthermore, replacement and refund options available through Pro-Tek or Costco prior to commencement of this suit may have hindered certification of Plaintiffs' claims.

Plaintiffs further recognized that, consonant with the settlement at hand, their claims did not stem from Duracell's batteries, but rather from an alleged defect in the Class Flashlights. Duracell would argue that no liability could result from the batteries packaged with the Flashlights as the batteries included with the Flashlights contained no warranty and were not in storage when installed, as required to trigger the applicable warranty.. *See Punian v. Gillette Co.*, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016); *Carlson v. The Gillette Co.*, No. CV 14-14201, 2015 WL 6453147 (D. Mass. Oct. 23, 2015).  Finally, Defendants intended to prove that Plaintiffs' claims relating to the suitability of flashlights for emergencies were predicated on inactionable puffery.

### 2.    The Settlement Amount Is Appropriate

"[P]erhaps the most important factor" for evaluating preliminary approval is "plaintiffs' expected recovery balanced against the value of the settlement offer." *Cotter v. Lyft, Inc.*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016). The Settlement is valued at $2.2 million. Plaintiffs estimate that Class Members will receive between 6 and $8 per package on each Costco member's purchase of the specified flashlights (which sold for an average retail price of $16.19, *including* 12 AAA Duracell batteries which were *not* defective).

Given the risks the Class faced on liability, damages, and class certification, the Settlement offers outstanding relief, and quite possibly greater relief than could be obtained via protracted litigation. Indeed, Plaintiffs and the putative class members would have had to establish that the

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

11

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

alleged defect occurred in each Flashlight in each three-pack of Flashlights, and discovery to date has not established that it did.  Thus, while "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery," here, the recovery is a significant percentage of the potential full recovery, thereby demonstrating that it falls within the range of reasonableness. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988); *see also Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998); *In re Linerboard Antitrust Litig.*, 296 F. Supp. 2d 568, 581 & n.5 (E.D. Pa. 2003) (gathering cases where courts approved settlements achieving only single-digit percentages of potential recoveries). *See also, In Re: Heritage Bond Litig.*, No. 02 ML 1475, 2005 WL 1594403, at \*19 (C.D. Cal. June 10, 2005) (calling a recovery of 23% of the claimed loss after fees an "exceptional result").

The settlement amount is further supported by the timing of the settlement. By settling early, the Parties avoid substantial litigation expenses. *Schofield v. Delta Air Lines, Inc.*, No. 18-cv-00382-EMC, 2019 U.S. Dist. LEXIS 31535, at \*16 (N.D. Cal. Feb. 27, 2019)(opining that an early settlement that avoids "great expense" makes substantial settlement recovery "appropriate").

The difference between a potential full recovery and the anticipated Settlement Payment is likely minimal. The Flashlights are not worthless. The alleged defect likely did not manifest in all 192,000, and the Flashlights worked as represented when turned on. Therefore, if the average price paid by consumers is $16.19, less the value of the 12 non-defective AAA batteries, then an anticipated settlement payment of $6 to $8 is a significant recovery. To the extent the Class Payment may be less than full recovery each Class Member could receive if successful at trial, the difference is far less than significant, given the risks faced by Plaintiffs as explained herein.

### 3.    The Parties Made an Informed Decision to Settle

The touchstone of the analysis of the extent of discovery is whether "the parties have sufficient information to make an informed decision about settlement." *In re Mego Fin. Corp. Sec.*

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

12

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

1  *Litig*., 213 F.3d 454, 459 (9th Cir. 2000). "[A] swift resolution does not mean the parties were

2  unprepared to engage in settlement negotiations." *In re Volkswagen "Clean Diesel" Mktg., Sales*

3  *Practices, & Prods. Liab. Litig*., MDL No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 148374, 2017

4  WL 2212783, at *16 (N.D. Cal. May 17, 2017). Here, the parties settled early in the litigation.

5  However, they still exchanged substantial information through informal discovery in advance of the

6  settlement conference. TPR Decl. ¶8. Plaintiffs' counsel reviewed the testing result, engineering

7  schematics, and sales data and used this information to successfully settle the case. *Id*.

8  **C.      The Proposed Notice Is Clear and Adequate**

9            The proposed Notice is "reasonable" and the "best notice that is practicable under the

10  circumstances." Fed. R. Civ. P. 23(c)(2)(B) & (e)(1). The Notice and Claim Form are consistent

11  with modern best practices. Notice will be disseminated by email to 47% of Class Members, and

12  by U.S. mail to the remainder. The Notice provides the definition of the Settlement Class,

13  describes the nature of the Settlement and its terms, identified whether the Settlement Class

14  Member is an Automatic Payment Recipient or a Claiming Recipient, explains the procedure for

15  making objections, provides contact information for the Settlement Administrator and Class

16  Counsel who are available to assist Class Members, provides the internet address for the

17  settlement website. The Notice further informs the Class that the judgment will be binding upon

18  them if they do not opt out, provides important dates and directs Class members to the settlement

19  website or PACER to confirm that dates have not changed. Finally, the Notice informs the

20  Settlement Class about the Class Counsel's request for attorneys' fees, costs and incentive awards.

21            Claiming Recipients, who represent "a nominal percentage of the entire class population,"

22  the Settlement Administrator expects that approximately 3% will submit a claim.  For Automatic

23  Payment Recipients, the Settlement Administrator expects that up to 95% will accept payment.

24  The Settlement Administrator bases the figures on its experience in similar cases.(P&N decl.¶20).

25  **D.      Class Counsel Will Apply Separately For Attorneys' Fees, Costs, and Service Awards**

27            All funds not paid to counsel as Fees and Expenses, paid to Plaintiffs as approved

28  Incentive Awards and/or paid to the Settlement Administration for the costs of notice and

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

13

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

administration shall be distributed as Settlement Payments.  With respect to Class Counsel's Fees & Costs, the Ninth Circuit has established a non-binding "benchmark" guideline of twenty-five percent of the settlement amount. *Powers v. Eichen,* 229 F.3d. 1249, 1256 (9th Cir. 2000).  In deference to this Court's preferences, however, Class Counsel shall provide ample information for lodestar analysis, together with admissible evidence supporting standard hourly fees requested. Class counsel has agreed to cap reimbursement of out-of-pocket costs at $44,000 equivalent to 2% of the common fund, and shall provide an accounting for all expense reimbursements requested.

Class Counsel has advanced lodestar hours of attorney time contemporaneously logged to date of more than 700 hours in the litigation of this matter, a compilation and detailed summary of which will be filed with the Court in advance of the Motion for Final Approval.  TPR Decl. ¶15.

Class Counsel is aware that service awards to class representatives for their common benefit work is a practice that *this* Court normally rejects. Nevertheless, Representative Plaintiffs Stanley Siddle and Michael Lipson shall each provide detailed evidence of their participation in the action, including the number of hours of service provided, the nature of the work performed and the burdens faced in prosecuting this action on behalf of the Settlement Class members. Class representatives have each agreed to cap their requests for compensation of time spent and reimbursement of out-of-pocket costs at $2,200, equivalent to 0.1% of the common fund.  Any funds not awarded to the Class Representatives for his service to the Class will be distributed to the Authorized Claimants pro rata.

### E.    *Cy Pres* Recipient

The Settlement does not provide for a specific sum to a *cy pres* recipient. To the extent the Settlement Fund has money remaining after the Settlement Administrator takes all reasonable efforts to distribute the funds, the Parties have agreed to distribute the money to a *cy pres* to be determined by the Court upon Final Approval, considering nominations of appropriate recipients engaged in activity related to the subject matter of the lawsuit and Class Members.

### F.    CAFA Notice

28 U.S.C. § 1715 requires that within ten (10) days after a proposed settlement of a class action is filed in court, each defendant that is participating in that settlement must serve on the

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

14

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**

appropriate State and Federal officials of each state in which a class member resides a notice of the proposed settlement. Here, the Settlement is nationwide in scope, and Class Members reside in almost all 50 states. The Settlement Administrator will be providing notice consistent with 28 U.S.C § 1715.

## V.     SCHEDULING A FINAL APPROVAL HEARING IS APPROPRIATE

The final step in the Settlement approval process is a final fairness hearing at which the Court may hear all evidence and arguments necessary to make its evaluation regarding the Settlement.  Counsel and objectors may explain the terms and conditions of the Settlement and offer argument in support of or in opposition to the Settlement. *Manual for Complex Litigation* §21.63.

Plaintiffs request that the Court set a date for a hearing on the final approval on approximately 120 days after the entry of the order preliminarily approving the Settlement. The Parties propose the timeline attached to TPR Decl. as **Exhibit 2** to complete the Class Settlement.

## VI.     CONCLUSION

For all of the foregoing reasons, the parties jointly request that this Court enter an Order granting preliminary approval of the Settlement Agreement, provisionally certifying the proposed Settlement Class, appointing the named plaintiffs as Class Representatives, appointing Timothy Rumberger as Class Counsel, appointing P&N as Settlement Administrator, approving the Class Notice Plan, and scheduling the Final Approval Hearing.

Respectfully Submitted,

*Attorneys for the Representative Plaintiffs*
*and the Plaintiff Class(es)*

Dated: August 20, 2020

By: _____
TIMOTHY P. RUMBERGER, Esq.
**LAW OFFICES OF TIMOTHY P. RUMBERGER**
1339 Bay Street, Alameda, California 94501
Phone: (510) 841-5500. Fax: (510) 521-9700
E-mail: tim@rumbergerlaw.com

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

15

**Notice and Unopposed Motion for Order Granting Preliminary Approval of Class Action Settlement**