UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY F. SIDDLE and MICHAEL E. LIPSON, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>THE DURACELL COMPANY,<br>COSTCO WHOLESALE CORPORATION,<br>TECHNOMATE MANUFACTORY, LTD.,<br>PRO-TEK INDUSTRIES, LLC.<br><br>    Defendants, | Case No.  4:19-cv-00568-JD (LB)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter came before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"), (Dkt. 119), and Plaintiff's Motion for Attorneys' Fees and Service Awards (the "Fee Motion"), (Dkt. 118.).  Plaintiffs Stanley F. Siddle and Michael E. Lipson, on behalf of themselves and a class of similarly situated persons, ("Plaintiff") and Defendants The Duracell Company, Costco Wholesale Corporation, Technomate Manufactory, Ltd. and Pro-Tek Industries, LLC, ("Defendants"), have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement ("Settlement Agreement" or "Agreement"). The Parties reached the Settlement through arm's-length negotiations and with the assistance of Magistrate Judge Laurel Beeler.

Notice of this final approval hearing was duly provided in accordance with this Court's Order Granting Preliminary Approval of Class Action Settlement and the modifying order granted shortly thereafter, which preliminarily approved the class action settlement, approved the Notice Plan and set the Final Approval Hearing (the "Preliminary Approval Order").  (Dkt. 115, 117.) Having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order, It is hereby ORDERED, ADJUDGED AND DECREED as follows:

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

1

**[PROPOSED] Order Granting Final Approval of Class Action Settlement**

## I. FINAL APPROVAL OF THE SETTLEMENT.

1. The Settlement Agreement and Release executed in this matter, including the exhibits thereto, are incorporated by reference. (Dkt. 104-1, pp.19-52.)

2. This Court has jurisdiction over the subject matter of the Litigation and the Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this District.

4. On October 9, 2020, this Court certified the following Settlement Class, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3):

> All persons in the United States who, on or before October 23, 2015, purchased from Costco a three-pack of Duracell 350L flashlights bearing the date code 1533, 1534, or 1535 on the flashlight end cap.

(Dkt. 115 ¶ 5.) The Settlement Class specifically excluded all person in the United States who have received three Replacement Flashlights from Pro-Tek. Also excluded from the Settlement Class is any individual who timely and validly opts out of the Settlement Class, as well as any retailers, wholesalers, and other individuals or entities that purchased the Product for resale, as well as Defendants' current and former officers and directors, members of the immediate families of Defendants' officers and directors, Defendants' legal representatives, heirs, successors, and assigns, any entity in which any Defendant has a controlling interest, and the judicial officers to whom this Action is assigned. Also excluded from the Settlement Class are any individuals to whom the Notice disseminated was returned undeliverable (RUM) by mail to the Settlement Administrator and for whom there is no valid email address, after reasonable efforts including skip tracing have been employed to acquire a valid current physical and/or email address, and in the absence of a Claim being otherwise received from such individuals by the Settlement Administrator.

5. The Settlement Class is finally certified. Representative Plaintiffs Stanley F. Siddle and Michael E. Lipson are finally appointed as representative plaintiffs and the Law Offices of Timothy P. Rumberger as is finally appointed as Class Counsel.

6. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and in compliance with this

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

2

**[PROPOSED]** Order Granting Final Approval of Class Action Settlement

Court's Preliminary Approval Order.  The Court further finds and concludes that the notice as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), was properly distributed. (Declaration of Settlement Administrator Postlethwaite & Netterville (P&N) project manager Alex Moulton ¶¶16-18, attached as Exhibit 8 to Class Counsel's Declaration filed 2/18/2021.)

7. The Court further finds and concludes that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

8. There were no objections to the Agreement.

9. There were 4 Requests for Exclusion (opt-outs). (P&N project manager Alex Moulton ¶22, attached as Exhibit 8 to Class Counsel's Declaration, at pp.16&51, filed 2/18/2021.) The individuals identified by Class Counsel are hereby excluded from the Settlement.

10. The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

11. The Court hereby approves distribution plan for payments set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Payments and disposition of any funds remaining thereafter.

12. The Court hereby finally approves Postlethwaite & Netterville ("P&N") as Settlement Administrator, and allows for the payment of $_____ in notice and administration costs to be paid to P&N.

13. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released,

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

3

**[PROPOSED] Order Granting Final Approval of Class Action Settlement**

relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

14. The Releases, which are set forth in Section 10 of the Settlement Agreement are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as that term is defined in the Settlement Agreement) from all Released Claims (as that term is defined in the Settlement Agreement).

15. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

16. The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted-out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

17. If for any reason whatsoever this settlement fails to become effective for any reason, the Parties and the Litigation will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings. No agreements, documents or statements made by or entered into by any Party in connection with the settlement may be used by Plaintiff, any person in the Settlement Class, Defendants, or any other person to establish liability or in any defense and/or support of any of the elements of class certification, whether in the Action or in any other proceeding.

18. To the extent the Settlement Fund has money remaining after the Settlement Administrator takes all reasonable efforts to distribute the funds, including a secondary distribution

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

4

[PROPOSED] Order Granting Final Approval of Class Action Settlement

to the Class Members as provided for in the Settlement Agreement, the Court directs that such monies be distributed to _____ as an appropriate *cy pres* recipient.

## II.   CLASS COUNSEL'S MOTION FOR FEES AND INCENTIVE AWARDS.

19.   Plaintiffs seek the Court's approval for payment of $550,000 in fees to class counsel, reimbursement of litigation costs of $44,000 and service awards of $2,200 to each of the two Class Representatives.

20.   Reasonable attorney's fees and costs are allowed under Federal Rule of Civil Procedure 23(h).

21.   This Settlement provides for an attorneys' fee award not to exceed 25% of the $2,200,000 common fund, i.e. $550,000. Class counsel's declaration documents 735 hours of attorney time in investigating and prosecuting this action, negotiating the settlement, shepherding the preliminary approval of settlement process with class members, invested significant resources in the litigation and faced contingent risk in its prosecution.

22.   The "common fund" method, or "percentage-of-the-benefit" analysis, calculates attorneys' fees based on a percentage of the common benefit to the class. *In re Consumer Privacy Cases*, 175 Cal.App.4th 545 (2009); *Serrano v. Priest*, 20 Cal.3d 25 (1977).

23.   In cases where a common fund has been created—i.e., where each class member will receive a mathematically ascertainable payment — courts often award attorneys' fees as a percentage of the gross recovery obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S Ct. 745 (1980); *Central Railroad & Banking Co. of Georgia v. Pettus*, 113 U.S. 116, 5 S.Ct. 387 (1885); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777 (1939); *Staten v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Morris v. Lifescan, Inc.*, 54 Fed. App'x. 663 (9th Cir. 2003) (affirming 33% fee award); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) (33.3% award in class action).

24.   Alternatively, where the plaintiffs bring state law claims as well as federal, Courts may look to the state's law in determining reasonableness of the fees requested, particularly where the fees are to be paid separately and not from a common fund. *See Lealao v. Beneficial California*,

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

5

[PROPOSED] Order Granting Final Approval of Class Action Settlement

82 Cal.App.4th 19, 26 (2000), *citing Serrano v. Priest*, 20 Cal.3d 25 (1977). California courts routinely validate the percentage award requested with a cross-check of the lodestar method as a means of determining the reasonableness of the fees requested. A lodestar approach (sometimes enhanced by a multiplier) can be used as an alternative to the common fund theory when "there is no way to gauge the net value of the settlement or any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

25. Here both the percentage analysis and the lodestar calculation crosscheck confirm the reasonableness of the $550,000 fee request representing 25% of the common fund as allowed under the Settlement Agreement negotiated in this case.  Class counsel's $850 hourly rate is well within the bay area market typically awarded for counsel with 30 years of class action experience, the numbers of hours contemporaneously submitted appears reasonable in this case, and there has been no objection from any class member or interested party. As such, the fee request is approved.

26. Plaintiffs' counsel also seeks $44,000 in costs.  The request is unopposed and is approved.

27. Finally, the Settlement Agreement provides for nominal service awards to the Representatives. At over 90 years old, Stanley Siddle's efforts in this case went above and beyond those of a typical class representative.  Stanley Siddle, particularly, was an active and integral part of the investigation from day one and provided invaluable user information tracking the parasitic power drain inherent in Defendant's products at issue in this litigation, as set forth in the supporting declarations.  At significant cost and time to himself, Mr. Siddle chose to champion the class members' rights and continued to be a strong advocate for the class at the January Settlement Conference with Magistrate Judge Laurel Beeler, together with Class Representative Michael Lipson, who dedicated many hours helping counsel prepare for the mediation and participated in the full day session. Moreover, there is no indication that any other class members were similarly willing to take on the burden of litigating this case on behalf of the more than 170,000 fellow class members, despite being personally aggrieved by their purchased of the defective flashlights.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

6

[PROPOSED] Order Granting Final Approval of Class Action Settlement

28. As such, in the absence of any objection, the modest service awards, equal to one-one-thousandth of the common fund, are approved in the amount of $2,200.

### III. OTHER PROVISIONS.

29. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or any Released Party of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

(b) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendants or any Released Party; or

(c) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

30. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by Defendants or any Released Party to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

31. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

7

[PROPOSED] Order Granting Final Approval of Class Action Settlement

32. In the event that the Effective Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

33. This Litigation, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                              Hon. James Donato
                                              United States District Judge

*Law Offices of*
**TIMOTHY P. RUMBERGER**
1339 Bay Street
Alameda, California 94501
(510) 841-5500

8

**[PROPOSED] Order Granting Final Approval of Class Action Settlement**